300 So.2d 816

**Morris HONEYCUTT, d/b/a Honeycutt Service Station**

**v.**

**MOORE'S SUPREME OIL COMPANY et al.**

**SC 798.**

Supreme Court of Alabama.

Sept. 19, 1974.

J. Sherrill Hancock, Birmingham, for appellant.

Skinner, Large & Corley, Birmingham, for appellees.

HEFLIN, Chief Justice.

This appeal is taken by the plaintiff from a final judgment rendered against him and from the denial of his motion for a new trial. Appeal counsel for the appellant-plaintiff Morris Honeycutt did not participate in the trial below.

This case had its genesis in the gasoline shortages of the past two years. Appellant Morris Honeycutt (Plaintiff) was the operator of a Moore's Supreme Oil filling station located on U. S. Highway 31 in Shelby County. This filling station was one of many operated by the corporate defendant Moore's Supreme Service Stations, Inc., of which the individual defendant Bonnie Ruth Moore was the president and "owner."

The filling station property was not owned by either of the defendants but was held under a lease from one Benjamin Glass. The lease was to run until November 15, 1974, and contained a prohibition against subleasing without the permission of the lessor.

The plaintiff was originally employed on a commission basis but later his compensation was supplemented by a salary. On or about July 1, 1973, the defendant oil company felt the pinch of the gasoline shortage, finding it impossible to get gasoline to supply all of its stations, and closed the station in question. However, the plaintiff and Mrs. Moore made an arrangement whereby the plaintiff was allowed to operate the station on his own, with it being his responsibility to acquire gasoline from whatever sources he could find.

Plaintiff Honeycutt claims that the defendant oil company orally agreed to lease the premises to him for the remainder of the lease, but concedes that he never had any written agreement or commitment to this effect. Mrs. Moore, on the other

hand, testified that no sublease was ever given to the plaintiff but that instead the arrangement consisted of an agreement to let the plaintiff have the station equipment on a month-to-month basis until gasoline became available again, at which time the defendant oil company would take over the operation of the station and the plaintiff would return to an employee status. Around October of 1973 the defendant oil company was able to get adequate gasoline supplies and wanted the station back again. The October rent was refused when it was offered by the plaintiff.

The plaintiff filed his complaint on September 26, 1973, asking for a permanent injunction prohibiting the defendants from interfering with his possession of the filling station property and seeking specific performance of the alleged oral lease. The defendants filed an answer and cross-complaint denying the making of an oral lease, seeking an order that the plaintiff be enjoined from damaging or destroying the filling station property, asking that the plaintiff's right to possession be declared terminated, and praying for a money judgment for damages resulting from the plaintiff's holding over.

The trial judge heard the evidence ore tenus without a jury, and he filed his findings of fact. The trial judge found:

"2. * * * [T]hat the Plaintiff requested of the Defendant that he, the Plaintiff, be allowed to remain in the station and that he would obtain gasoline from other sources in an effort to make a living and that the Plaintiff would pay the Defendant a fixed amount of money on a monthly basis for rental of the Defendant's equipment located on the premises, that such an agreement was made orally between the parties and was to last only during such period as the Defendant was unable to obtain gasoline and would end when the gasoline was obtainable at which time the Plaintiff would again be placed on a salary as an employee of the Defendant.

"3. * * * [T]hat the Defendant did not agree orally or in writing to lease the premises for the period claimed by the Plaintiff or for any period and, in fact, was prohibited from so doing by reason of Defendant's lease with Benjamin Glass."

On January 25, 1974, the trial court filed its judgment denying the plaintiff's requested relief, ordering the plaintiff to vacate the filling station premises within 10 days, and ordering the plaintiff to pay the defendant $500.00 for rental of the defendant's equipment located on said premises.

Most of plaintiff's assignments of error are based on the contention that the trial court erred in finding that the arrangement between the parties was such that plaintiff had no right to the possession of the premises throughout the remainder of the Glass lease period, but instead was in possession on a month-to-month basis until the gasoline shortage eased. One of the elementary and basic rules of appellate review provides that the findings of a trial court hearing the evidence ore tenus will not be disturbed on appeal unless plainly erroneous. Ward v. Martin, 289 Ala. 547, 268 So.2d 818 (1972); Lott v. Keith, 286 Ala. 431, 241 So.2d 104 (1970); Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598 (1970).

While this rule of review is firmly engrained in our case law it is restated in the new Alabama Rules of Civil Procedure, which are applicable to this case. Rule 52(a) provides that in an action tried without a jury the trial court's "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Without setting forth all the evidence in this case, suffice it to say that this court has examined the record and finds that there was evidence sufficient to support the trial court's findings, and this court therefore cannot say that the trial court's findings were "clearly erroneous."

■ Another assignment of error of the plaintiff relates to the money judgment awarded against him on the cross-complaint. The plaintiff argues there was no testimony to support the $500.00 judgment against him. In reviewing the evidence, we do find evidence to support this award. The trial court found the plaintiff had made an agreement to pay the defendant "a fixed amount of money on a monthly basis for rental of the Defendant's equipment located on the premises," and that this arrangement was to last only until the plaintiff re-established a supply of gasoline. While the trial judge did not make a specific finding of fact as to the amount of the monthly rent, the evidence clearly shows that the rent agreed upon was $125.-00 monthly. The trial court's judgment was entered on January 25, 1974. Evidence clearly showed that rent had not been paid for the months of October, November, December, and January. From October 1, 1973, through January 25, 1974, (and the trial court's judgment allowed the plaintiff 10 days in which to vacate) is almost exactly four months; it is apparent to this court that the $500.00 award represents rent for these four months at $125.00 per month. Thus we find no merit in this contention of the plaintiff.

The remaining assignment of error of the plaintiff relates to the fact that while there were two defendants named in the suit, Bonnie Ruth Moore and Moore's Supreme Oil Co., a corporation, (the defendant's answer and cross-complaint list the corporate name as Moore's Supreme Gasoline Stations, Inc.) the trial court's judgment speaks only of "the defendant" in the singular without naming such defendant and orders payment of $500.00 to "the defendant."

It is obvious from the evidence in this case that there was only one entity with which the plaintiff made his arrangements and that under the order of the trial court the plaintiff owes only one defendant the $500.00 judgment.

After a review of the record in this cause this court concludes that the failure to specifically name the defendant in whose favor the judgment was rendered amounted to a clerical error. See 46 Am. Jur.2d Judgments, §§ 205 and 206.

This court stated in Gunn v. Howell, 35 Ala. 144 (1859), that a judgment properly pronounced upon sufficiently competent evidence could be amended so as to show that it was actually rendered in favor of the plaintiff's personal representative after the plaintiff's death, instead of in favor of the plaintiff himself, as erroneously stated originally. In Ex parte Howard-Harrison Iron Co., 119 Ala. 484, 24 So. 516 (1898), this court held that a judgment against a corporation was not void because it misnamed the defendant if the record throughout the papers and proceedings in the cause furnished ample data to amend it so as to state the true and full name. See Rule 60(a) A.R.C.P.

■ Title 7, § 810, Code of Alabama 1940 (Recompiled 1958) recites that an appellate court may render such judgment or decree as the court below should have rendered when the record enables it to do so. Clerical errors in a judgment may be corrected on appeal where the record furnishes sufficient data for such correction. Alverson v. Floyd, 219 Ala. 68, 121 So. 55 (1929). See 2A Ala.Digest Appeal and Error, ☜1149.

■ It is clear from the record that the judgment in this cause should have been rendered in the name of the defendant Moore's Supreme Gasoline Stations, Inc., a corporation. Therefore, the judgment of the trial court is amended accordingly.

There being no reversible error in the record this cause is

Affirmed.

MERRILL, HARWOOD, MADDOX and FAULKNER, JJ., concur.