Continental Oil Co. seeks a writ of mandamus to the Honorable Braxton L. Kittrell, Jr., circuit judge of the Thirteenth Judicial Circuit. As it appears to this Court that the requested relief has been granted and all other issues presented must be raised by appeal, the writ is denied. *Page 954 
The petition for mandamus arises from the long-pending suit of Continental Oil Co. v. Joe C. Williams. That suit was originally filed in 1973 and was inherited by Judge Kittrell when he took office in January, 1977. In the late spring of 1978 the following events took place which precipitated the petition for mandamus:
On May 10 Continental filed a motion to dismiss certain counterclaims filed by Williams, alleging that Williams was in default in answering interrogatories. The motion to dismiss the counterclaims was granted on May 17, but on that same day the requested answers to the interrogatories were filed. Consequently, on May 22 Williams moved to set aside the May 17 order of dismissal so that the counterclaims could proceed to trial. On June 2 Judge Kittrell entered an order, "Motion granted. Order of May 17, 1978, set aside. Counterclaim pending." However, in the interval between May 17 and May 22 while the counterclaims were technically dismissed from the case, Continental had filed its own motion to dismiss with prejudice which had not yet been acted upon. Continental, therefore, filed a motion to reconsider and set aside the order of June 2, and for other relief. This latter motion was denied in the following form:
 "Plaintiff's motion filed July 11, 1978 for court to reconsider, set aside and hold for naught the order of June 2, 1978; Grant Plaintiff's motion to dismiss this suit, with prejudice and at the cost of Plaintiff; Deny any amendment of the order dismissing the counterclaim; Strike the counterclaim; Hold that the counterclaim, having been dismissed and the order of dismissal not having been set aside, is no longer pending and no further proceedings can be had thereunder; and grant Plaintiff such other relief. July 28, 1978 — Motion denied. s/BRAXTON L. KITTRELL, Circuit Judge."
With the case in this posture Continental sought mandamus to compel Judge Kittrell to grant its motion to dismiss its claims with prejudice, asserting that he had no authority to deny the motion. Continental also presented to this Court a variety of reasons why, in its opinion, the counterclaims should have been dismissed. On November 2 Judge Kittrell, apparently on his own initiative, entered the following order:
 "It having come to the attention of the Court that this Court entered an order on July 28, 1978, which said order, among other things, denied the Plaintiff the right to dismiss its suit, with prejudice, at the cost of the Plaintiff; and the Court having intended in said order to grant the Plaintiff the right to dismiss its suit as prayed, but to deny the remaining portions of the Plaintiff's motion filed on July 11, 1978; and said order of this Court of July 28, 1978, having been erroneously entered through oversight or omission, this Court, pursuant to Rule 60 (a) of the Alabama Rules of Civil Procedure, orders as follows:
 "That the Clerk of this Court is instructed to correct this Court's order of July 28, 1978, so as to reflect that the Plaintiff's action is dismissed, with prejudice, and the remaining portions of the Plaintiff's motion of July 11, 1978 are denied, including the prayer to strike the Defendant's counterclaim." (Emphasis added.)
Rule 60 (a) ARCP, which substantially parallels its federal counterpart, provides:
 "Clerical mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary a transcript of the record as corrected may be certified to the appellate court in response to a writ of certiorari or like writ."
The term "clerical errors" is not limited solely to errors by the clerk in transcription. It can also include errors by others, such as a jury foreman, counsel, a party, or the judge himself. 13 A.L.R.Fed. 794, § 4. When a correction is based upon the *Page 955 
recollection of the court it is not subject to contest. 13 A.L.R.Fed. 794, § 2. Here Judge Kittrell has stated in his order of November 2 that he intended to grant the motion to dismiss but did not do so through oversight or omission. Thus his action was within the scope of Rule 60 (a). A similar order was allowed in Blaine v. Peters, 90 U.S.App.D.C. 207,194 F.2d 887 (1952), where the District Court inadvertently denied a motion for a judgment notwithstanding the verdict, or in the alternative for a new trial. Two months later the District Court set aside the denial and granted the motion for new trial in a Rule 60 (a) correction. Since Continental has received the relief it requested, albeit from Judge Kittrell rather than this Court, the petition for mandamus is moot.
Continental also seeks to present to this Court on mandamus the propriety of the refusal to dismiss the counterclaims. Mandamus, however, is an extraordinary writ to be used only in situations where other relief is unavailable or inadequate and is not a substitute for the appellate process. See Ex parteBlue Cross-Blue Shield of Alabama, Inc., 368 So.2d 8 (Ala. 1978). The Alabama Rules of Appellate Procedure in Rule 5 provide a simple and effective method of obtaining appellate review of an order such as the one allowing the counterclaims to remain pending. If Continental sought to challenge that order it should have done so through Rule 5, ARAP, at the appropriate time.
WRIT DENIED.
BLOODWORTH, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., concurs specially.
MADDOX, J., concurs in the result.