This appeal arises out of a controversy as to whether a district court final judgment contained such an error as to be correctable under Rule 60 (a) of the Alabama Rules of Civil Procedure.
In the district court, Ullery sued Southern Haulers and Ward along with some fictitious defendants. She sought damages for personal and property injury resulting from the negligent collision of a truck, owned by Southern Haulers and driven by Ward, with her automobile.
On March 20, 1980, trial was held in the district court. Ward testified that he was employed by Southern Haulers and was engaged in his employer's business at the time of the collision. At the conclusion of the trial, the district court apparently proclaimed a judgment for the plaintiff for $750. On that date a rubber stamp was used to record the following judgment: "Judgment by default consent trial for Plaintiff and against Defendant ____ for $750.00 . . ." There was no appeal from the judgment.
On March 24, 1981, over a year after the entry of the district court's final judgment, Ward and Southern Haulers filed in that court a motion for relief from the judgment under Rule 60 (b)(4), (6). They alleged that the district court's judgment was void due to a lack of certainty as to which defendant it was rendered against. The district court held a hearing thereon and subsequently rendered its April 15, 1981 judgment which recited that it was the intention of the district court to render a judgment in favor of the plaintiff and against both defendants, but that a clerical error was made by the court in not adding the letter "s" to and after the word "Defendant ____ " in the March 20, 1980 judgment entry. Accordingly that judgment was corrected to read, "Judgment by trial for Plaintiff and against Defendants for $750.00 . . ." The fictitious defendants were dismissed.
Ward and Southern Haulers perfected an appeal to the circuit court. However, before that court heard the case, they appealed directly to this court from the district court upon an agreed question of law. This court dismissed that appeal. Ward v.Ullery, 412 So.2d 796 (Ala.Civ.App.), cert. denied,412 So.2d 796 (Ala. 1982). Thereafter, the circuit court granted Ullery's motion to dismiss Ward and Southern Haulers' appeal to that court and the defendants have once more perfected their appeal to this court.
Rule 60 (a) provides as follows:
 "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary a transcript of the record as corrected may be certified to the appellate court in response to a writ of certiorari or like writ."
In interpreting that rule, some of the recognized authorities have made the following statements:
 "Rule 60 (a) permits the correction of clerical mistakes in judgments, orders, or other parts of the record as well as the correction of errors arising from oversight or omissions . . . [I]f the intention of the judge to include a particular provision in the judgment was clear, but he neglected to include the provision, the rule authorizes correction of the judgment."
11 C. Wright and A. Miller, Federal Practice and Procedure § 2854 at 148, 153 (1973). *Page 101 
 "The errors envisioned by Rule 60 (a) cover such things as misprisions, oversights and omissions, unintended acts or failures to act."
6A J. Moore, Moore's Federal Practice ¶ 60.06 (1) at 4054 (2d ed. 1983).
 "The correction of clerical errors in the records of judgments may take the form of amendments striking out the names of parties who ought not to have been included, or inserting the names of parties who ought to have been included, or substituting the name of a party who ought to have been included for the name of a party who was improperly included."
46 Am.Jur.2d, Judgments, § 205 at 446 (1969).
From the most applicable opinion of our supreme court we quote:
 "The term `clerical errors' is not limited solely to errors by the clerk in transcription. It can also include errors by others, such as a jury foreman, counsel, a party, or the judge himself. 13 A.L.R. Fed. 794, § 4. When a correction is based upon the recollection of the court it is not subject to contest. 13 A.L.R. Fed. 794, § 2. Here Judge Kittrell has stated in his order of November 2 that he intended to grant the motion to dismiss but did not do so through oversight or omission. Thus his action was within the scope of Rule 60 (a). A similar order was allowed in Blaine v. Peters, 90 U.S. App.D.C. 207, 194 F.2d 887 (1952), where the District Court inadvertently denied a motion for a judgment notwithstanding the verdict, or in the alternative for a new trial. Two months later the District Court set aside the denial and granted the motion for new trial in a Rule 60 (a) correction." (Emphasis supplied.)
Continental Oil Co. v. Williams, 370 So.2d 953 (Ala. 1979).
In Honeycutt v. Moore's Supreme Oil Company, 293 Ala. 151,300 So.2d 816 (1974), the two defendants filed a cross-complaint against the plaintiff, and the trial court's judgment ordered the plaintiff to pay the "defendant" $500 thereunder. The supreme court held that, after a review of the record, the trial court's failure to specifically name the defendant in whose favor the judgment was rendered amounted to a mere clerical error.
In reviewing the record in this case, it is apparent that the only two real defendants were Ward and Southern Haulers and that an uncontroverted master-servant relationship with the necessary scope of authority existed between them at the time of the accident. We are also highly cognizant of the finding of the trial court's intentions to render a judgment against both Ward and Southern Haulers.
In using a rubber stamp to record a routine judgment, it is relatively easy for a conscientious trial judge to fail to fill in blanks therein. Interruptions, preoccupation about other matters, time and trial pressures, engorged dockets, double capacity caseloads and myriad other reasons can lead to an oversight or omission, as was very humanly made in this instance by the learned district court regarding the March 20, 1980 judgment. A clerical error was made by the district court which was correctable under Rule 60 (a) under the decisions in the Continental Oil and Honeycutt cases, supra.
The district court properly amended its March 20, 1980 judgment so as to make it speak the truth by means of the April 15, 1981 judgment. The circuit court correctly dismissed Ward and Southern Haulers' appeal.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur. *Page 102