Alice F. Dearmon appeals from a final judgment in an interpleader action awarding co-defendent/cross-claimant J.D. Dearmon and intervenor/co-defendant Camden Woodyard, Inc., a major portion of the interpleaded fund.
On September 15, 1977, A D Pulpwood Co., Inc. (hereinafter "A D"), was incorporated by three incorporators and shareholders: J.D. Dearmon, his wife Alice Dearmon, and Judy Albin. They held 225 shares, 25 shares, and 250 shares, respectively.
On April 12, 1978, the Dearmons were granted a divorce. The divorce decree incorporated a property settlement which, among other things, provided that J.D. *Page 1006 
Dearmon would transfer his interest in A D to Alice Dearmon.
Subsequent to the divorce, Alice Dearmon and Judy Albin asked J.D. to become reinvolved in A D because neither Alice nor Judy had any experience in the wood and timber business. J.D. testified that he agreed to act as president of A D in exchange for 25 shares of stock in A D.
Due to the financial difficulties of A D, Judy and J.D. agreed to advance money, as needed for operations, to A D, with an understanding that the advances would be repaid from the funds generated by the operation of A D. During the period September 10, 1979, to May 26, 1981, Camden Woodyard, of which J.D. is president and sole owner, advanced $11,038.89 to A D.
A D also wrote three checks to Alice totaling $16,714 to enable her to pay her income taxes in 1979, 1980, and 1981. J.D. testified that these were loans to Alice. In addition to these alleged loans, J.D. continued to pay his ex-wife $3000 per month in alimony.
In 1982, A D received a $125,000 settlement from a lawsuit it was involved in. The settlement funds were placed in escrow with Robert B. Harwood, Jr.; J.D., Alice, and Judy agreed to dissolve A D and disburse the funds among themselves. After payment of certain corporate debts, Judy received 50 per cent of the remaining funds. J.D. and Alice could not agree on the distribution of the remaining funds. Therefore, Harwood filed an interpleader action against Alice, J.D., and Judy. Camden Woodyard filed a motion to intervene as a party defendant. The record does not reflect when leave to intervene was granted by the trial court.
In their pleadings, Alice claimed the entire balance of the fund; J.D. claimed reimbursement for loans to A D and to Alice for taxes, and a portion of the balance representing his ownership of 25 shares of A D stock; Camden Woodyard claimed reimbursement for the same loans to A D. In its pleading Camden Woodyard seeks relief against either Alice or A D. The funds at issue belong to A D and are in the hands of an escrow agent.
Alice first argues that the trial court erred in granting Camden Woodyard's motion to intervene because Camden Woodyard lacked any interest in the subject matter of the action.
Pursuant to Rule 24 (a)(2), A.R.Civ.P., the court shall permit a party to intervene
 "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
Generally the denial or granting of a motion to intervene is within the discretion of the trial court and will not be disturbed on appeal unless there is an abuse of discretion.Walker County Dept. of Pensions Security v. Mason,373 So.2d 863 (Ala.Civ.App. 1979).
In the instant case, Camden Woodyard claims an interest in the interpleaded funds pursuant to loans it made to A D. Because of this claim, Camden Woodyard stands in the position of a creditor of A D. Since A D is dissolving as a corporation, Camden Woodyard is entitled to intervene to claim its interest in any remaining assets. Clearly, Camden Woodyard has an interest in the property which is the subject of the interpleader action. Therefore, the trial court did not abuse its discretion by allowing the motion to intervene.
Alice's next argument is that the trial court committed reversible error by refusing to allow testimony that A D was a Subchapter S corporation because the original documents reflecting that fact were not introduced into evidence. The purpose of this testimony was to refute J.D.'s testimony that he owned 25 shares of A D stock and that Alice owned 225 shares of A D stock at the time of A D's dissolution in 1982. We hold that even if the trial court should have allowed this *Page 1007 
testimony, the refusal to do so is not reversible error. See Rule 45, A.R.App.P. Alice was allowed to introduce into evidence form 1120S, which was A D's income tax return for the year ending September 30, 1982. This return included a schedule K-1, which indicated that Alice owned 250 shares of stock in A D. Alice's accountant testified on the basis of that schedule that Alice owned 250 shares of stock in A D. The only fact that Alice was not allowed to admit into evidence was that A D was a Subchapter S corporation. This did not substantially affect her rights; therefore, it was harmless error if an error at all.
Appellant's remaining arguments concern three issues: (1) whether the trial court's holding that J.D. owns five per cent of A D stock is contrary to the evidence; (2) whether the award to J.D. of $11,038.89 is supported by legally sufficient evidence; (3) whether the award to Camden Woodyard of $16,714 is supported by the evidence and/or precluded by the Statute of Frauds.
 Stock Ownership
When a trial court, sitting without a jury, hears ore tenus evidence, its findings of fact, if supported by the evidence, are presumed to be correct and will not be disturbed on appeal unless they are plainly and palpably wrong. Chaffin v. Hall,439 So.2d 67 (Ala. 1983).
Alice argues that the only evidence supporting the finding that J.D. owns five per cent of A D stock is the contradictory and uncertain testimony of J.D. The fact that a party offers contradictory testimony does not render his testimony unbelievable as a matter of law. Ford Motor CreditCo. v. Jackson, 347 So.2d 992 (Ala.Civ.App. 1977). Contradictions in testimony may diminish a party's credibility, but the truthfulness of the testimony is an issue to be resolved by the trier of fact. McLarty v. Wright, 56 Ala. App. 346, 321 So.2d 687 (Ala.Civ.App. 1975). The trial judge found J.D.'s testimony to be sufficiently credible and we will not disturb his findings. Furthermore, in addition to J.D.'s testimony, a copy of an A D stock certificate was admitted into evidence, which showed Alice owning only 225 shares of A 
D stock in 1982, thus leaving a reasonable presumption that J.D. owned the remaining 25 shares. It appears from the record that the A D stock had not been transferred after the Dearmons' divorce in 1978. The divorce decree required J.D. to transfer to Alice all of his shares of A D stock, which totaled 225 shares. However, the stock certificate which was admitted into evidence reflected that J.D. transferred only 200 shares to Alice. This transfer occurred after J.D. had become reinvolved in A D. J.D. testified that he had an agreement with Alice that he would keep 25 shares in exchange for his reinvolvement with A D.
 Award to J.D. Dearmon
Alice argues that the award to J.D. for $11,038.89 is not supported by the evidence. In fact, J.D. claimed $17,714 for loans made to Alice to enable her to pay her taxes.[1] It is undisputed that J.D. advanced $17,714 to Alice. Two checks were written on J.D.'s personal account and one on Camden Woodyard's account. The evidence is disputed as to whether Alice agreed to repay these funds. J.D. testified that the advances were loans to Alice and that the word "loan" was written on each of the checks. Alice's accountant testified that he requested these funds on Alice's behalf and that he understood J.D. was making a loan to her. J.D. also testified that Alice agreed to repay him from any funds she received from A D. Although Alice denied that she agreed to repay any of these advances, the trial court found otherwise. The trial court's finding is presumed to be correct unless there is plain and palpable error. Chaffin v. Hall, supra. We do not find such an error. *Page 1008 
 Award to Camden Woodyard
Alice first argues that any oral promise she may have made on behalf of A D to repay the advances from Camden Woodyard is unenforceable under the Statute of Frauds. We find that the Statute of Frauds is not relevant here because we need not reach the issue of whether Alice is personally liable for the advances to A D. Camden Woodyard claims that A D is liable and the money of A D is the source of the fund being interpleaded. The record clearly shows that Camden Woodyard advanced $11,038.89 to A D. The evidence reflects that J.D., on behalf of Camden Woodyard, made an oral agreement with A 
D, through its officers and shareholders (Alice and Judy) that he would contribute money to A D and that he would be reimbursed at a later date when funds were available.
The trial court obviously found that Camden Woodyard was a creditor of A D's and held that it should recover from the fund. However, a problem arises in that the order of the trial court states that Camden Woodyard "have and recover of Alice F. Dearmon the sum of [$16,714.00], same to be paid from the escrow funds. . . ." In Lokey v. Ward, 228 Ala. 559,154 So. 802 (1934), it was held to be error in an interpleader action to enter a personal judgment against a defendant; but that it was an error that could be corrected by the appellate court by modifying the judgment and affirming. Accordingly, the judgment of the trial court is modified to state that Camden Woodyard have and recover from the escrow funds a certain amount more particularly dealt with in the next paragraph.
Alice's last argument is that the award of $16,714 to Camden Woodyard exceeds the amount claimed by Camden Woodyard in its pleadings and exceeds the amount in evidence at trial. Both the exhibits and trial testimony indicate that Camden Woodyard advanced a total of $11,038.89 to A D during the period from September 10, 1979, to May 26, 1981. As previously stated in this opinion, J.D. loaned $16,714 to Alice for payment of taxes. However, the trial court transposed these amounts in its final order. Such errors in a judgment may be corrected on appeal when the record furnishes sufficient data for such a correction. Honeycutt v. Moore's Supreme Oil Co., 293 Ala. 151,300 So.2d 816 (1974). It is clear from the record that the judgment should have awarded to J.D. Dearmon $16,714 and to Camden Woodyard, Inc., $11,038.89. Therefore, the judgment of the trial court is modified accordingly; and as so modified the judgment is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ. concur.
[1] It appears that the trial court confused the amounts claimed by J.D. and Camden Woodyard. J.D. claimed $17,714 for loans to Alice for taxes, and Camden Woodyard claimed $11,038.89 for loans to A D. The trial court transposed these amounts in its order.