This is post-divorce litigation. *Page 110 
The divorce judgment, which was dated November 1, 1985, was entered on November 4, 1985. In the trial court's division of the assets of the parties, the husband received certain personal and real property, including five automobiles, one of which was a 1977 Chevrolet. The husband was awarded the custody of the three minor daughters of the parties, and no child support was required to be paid by the wife to the husband.
On December 17, 1985, the wife filed a motion that the final judgment be interpreted as to the 1977 Chevrolet automobile.
The husband sought to modify the divorce judgment so that the wife would be required to contribute towards the support of the children.
After both of the parties testified before the trial court, the following findings and judgment were rendered as to the matters which are presently pertinent. The wife was referred to as the plaintiff, and the husband, as the defendant.
 "In reference to the 1977 Chevrolet automobile, the final written Decree of Divorce clearly awards possession and ownership thereof to the Defendant. The Court intended to award the automobile to the Plaintiff; however, through inadvertence and oversight, the automobile was awarded to the Defendant. Accordingly, the decree in this matter is due to be amended so that said automobile is awarded to the Plaintiff.
 "During the trial of this matter, the Defendant presented testimony to the effect that the Plaintiff failed to exercise her visitation rights with the three minor daughters of the parties on a regular basis and that this frustrated his ability to plan activities and, especially, his ability to schedule overtime work and that as a consequence thereof he had suffered a diminution in income. The Court is of the opinion that the Plaintiff's visitation privileges are not merely her right but also her responsibility and that the custodial parent, the Defendant in this case, has the right to know if the visitation is to be exercised in order to plan activities, overtime work, etc. The Court is of the opinion that the Defendant is entitled to relief in this area and provision therefor is made below.
 "Provision was not made in the Court's Final Decree of November 1, 1985, for the payment of child support by the Plaintiff to the Defendant for the care, support and maintenance of the parties' three minor daughters. The Court is of the opinion that a material change in circumstances has occurred subsequent to the decree in that the Plaintiff, at the time of trial, was only working part-time and she is now employed on a full-time basis with wages considerably greater than at the time of the decree. The Defendant, on the other hand, has suffered a diminution in earnings due to his inability to work as much overtime as before and has incurred substantial expense in providing babysitting services and meeting other needs of the children. Accordingly, it is the opinion of the Court that the Defendant is entitled to relief in this area. The Court does not, however, require the Plaintiff to pay a fixed amount of money to the Defendant as child support. The mother should assist in the support of the children and is responsible for their support when they are in her physical care and custody. The Court does require the Plaintiff to purchase clothing for the children at least two times per year and encourages her to do more in the way of a care and support contribution for the children.
 "After due consideration of the foregoing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:
 "1. The Final Decree of Divorce of November 1, 1985 is due to be and is hereby amended in the following respect. The Plaintiff is awarded the title to and possession of the 1977 Chevrolet Nova automobile presently in her possession and the Defendant is ordered and enjoined to execute any documents, including the certificate of title, necessary to transfer ownership thereof to the Plaintiff. . . . *Page 111 
". . .
 "3. The Plaintiff is responsible and accountable for the minimum scheduled visitation time afforded her in this Court's prior decree. The Plaintiff, unless otherwise agreed between the parties, is responsible for taking the children during such visitational periods and making suitable arrangements for their care, including the providing of babysitters, when she is unable to be with them because of her work or otherwise.
 "4. A material change in circumstances subsequent to the Court's last decree has occurred so that it is now in the best interests of the minor children of the parties that the Plaintiff be required to contribute to their support. The Plaintiff is to purchase for the three minor daughters of the parties at least two times per year clothing . . . of the value of $125.00 per child for a total of $750.00 in clothing per year and is to provide proof of her purchases through receipts filed with the Register's Office of this Court on or about April 1 and September 1 of each year."
The husband appealed and contends that the trial court erred in amending the divorce judgment so as to award the 1977 Chevrolet automobile to the wife and in not requiring the wife to pay regular periodic child support.
Since the wife's motion as to the vehicle was filed more than thirty days after the entry of the divorce judgment, relief could not have been granted to her under Rule 59 (e) of the Alabama Rules of Civil Procedure; however, Rules 60 (a) and 60 (b)(1) were still available to her.
In view of the findings of the trial court as to the 1977 vehicle, the action taken by the trial court fell within the ambit of Rule 60 (a) as to relief from a judgment because of an oversight or omission of the trial court. Continental Oil Co.v. Williams, 370 So.2d 953 (Ala. 1979); Ward v. Ullery,442 So.2d 99 (Ala.Civ.App. 1983). The correction was based upon the recollection of the trial court and is not subject to contest.Continental Oil Co., 370 So.2d at 954-55. In the divorce judgment a clerical error was made by the trial court in awarding the 1977 vehicle to the husband, whereas it was the true intent of the trial court to award it to the wife. That error was correctable either on motion of a party or on the trial court's own initiative under Rule 60 (a). Continental OilCo., 370 So.2d at 954; Ward, 442 So.2d at 100-101. We find no error as to that issue.
The trial court granted some relief to the husband as to child support by requiring the wife to provide clothing to the children at a cost to her of at least $750 per year and by allowing him to more readily schedule his overtime by requiring her to take care of the children at her expense on all authorized times that she is entitled to have them visit with her. That modification of the prior child support judgment because of a change in the circumstances of the parties was a matter which fell within that court's discretion, and we have no authority to alter it unless the trial court's judgment was so unsupported by the evidence as to be plainly and palpably wrong. The presumption of correctness afforded where an oretenus hearing was held before the trial court is overcome only if the judgment was unsupported by any legal evidence.Batchelor v. Batchelor, 484 So.2d 1109 (Ala.Civ.App. 1986);Stubbs v. Puls, 429 So.2d 1071 (Ala.Civ.App. 1983).
The husband contends that the wife should have also been ordered to make periodic child support payments. Because of the vast number of cases as to the amount of any increase or decrease where child support is modified, we pretermit any further summary of the evidence. Our study of the entire transcript of the testimony of the parties reveals that there was adequate evidence before the trial court to support its findings of facts and its judgment. There was no abuse of discretion, and the trial court was not palpably wrong.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty *Page 112 
status as a judge of this court under the provisions of §12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.