ROBERT P. BRADLEY, Retired Appellate Judge.
This case arises from a complaint for monies due under a promissory note. The note was executed by George Savage to South Central States Financial, Inc. (SCSF), and was secured with a second mortgage on certain mortgaged property owned by Savage. SCSF subsequently assigned the note and second mortgage to Clifford W. Cleveland. After Savage failed to make payments on the note, Cleveland initiated foreclosure proceedings under the second mortgage. Cleveland then learned that Savage’s indebtedness under the first mortgage was greater than Savage had disclosed to SCSF. Cleveland did not continue with the foreclosure of the second mortgage. Cleveland later received notice of foreclosure by the holder of the first mortgage. ' Cleveland filed a complaint to recover the money due under the note. Savage filed a counterclaim in which he alleged that Cleveland’s attempted foreclosure had in fact been successfully completed with a sale of the mortgaged property at auction, thus extinguishing Savage’s debt.
After an ore tenus proceeding, the trial court entered an order on June 22, 1990 finding that Cleveland’s attempted foreclosure was successfully completed and that Savage’s debt was thereby extinguished. On July 18, 1990 Cleveland filed a motion for new trial. A hearing on this motion was held on October 4, 1990.
On November 11, 1990 the trial court denied the motion for new trial; however, we do not find that the trial court had jurisdiction to enter such an order. A motion for new trial may not remain pending in the trial court for more than 90 days unless it is shown that the parties consented to an extension of time, which consent shall appear of record, or unless the appellate court grants such an extension for good cause. Rule 59.1, Alabama Rules of Civil Procedure. The record does not show that the parties consented to extend the required 90-day period, nor does it show that this court granted such an extension. Accordingly, the motion for new trial was denied by operation of law on October 16, and the trial court’s November 11 order was a nullity. Carnes v. Carnes, 365 So.2d 981 (Ala.Civ.App.1978), cert. denied 365 So.2d 985 (Ala.1979).
Rule 4 of the Alabama Rules of Appellate Procedure provides that an appeal must be taken within 42 days after a final judgment. Here, the trial court’s judgment was final on October 16, 1990 with the denial of Cleveland’s motion for new trial. The time for an appeal from the judgment expired 42 days later, on November 27, 1990. The appellant did not file his appeal until December 10, 1990; therefore, we have no alternative but to dismiss his appeal as untimely.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.