HOUSTON, Justice.
Drill Parts & Service Company, Inc., and Carlton Montgomery have petitioned this Court for a writ of mandamus directing the Honorable Marvin Cherner, judge of the Jefferson County Circuit Court, to set aside his order denying their request for a trial by jury. The writ is denied.
Joy Manufacturing Company ("Joy”) sued the petitioners, alleging that they had misappropriated its trade secrets and seeking injunctive relief. Judge William Thompson of the Jefferson County Circuit Court entered a preliminary injunction in favor of Joy, .and that injunctive order was later affirmed by this Court. See Drill Parts & Service Co. v. Joy Manufacturing Co., 439 So.2d 43 (Ala.1983), for a detailed statement of the facts in this case. After securing the preliminary injunction, Joy amended its complaint by adding a claim for damages based on the alleged misap *253 propriation of trade secrets,. a claim for conversion, and a claim based on allegations of unjust enrichment on the part of the petitioners. The petitioners filed an answer and demanded a trial by jury “on all issues.” Thereafter, following a full evidentiary hearing, Judge Cherner entered a permanent injunction against the petitioners.[1] Joy moved for a partial summary judgment on its misappropriation-of-trade-secrets claim. Joy argued that it was entitled to a judgment as a matter of law with respect to the issue of the petitioners’ liability for misappropriating trade secrets because, it argued, liability had already been determined in connection with the request for the permanent injunction. In opposition to Joy’s motion, the petitioners argued that a judgment for Joy as a matter of law would be inappropriate because they had demanded a jury trial “on all issues,” including the issue of whether they were liable in damages for misappropriating Joy’s trade secrets. Judge Cherner ruled that Joy’s claim alleging misappropriation of its trade secrets was equitable in nature, in that it primarily sought injunctive relief, and that Joy’s damages claim was merely incidental to the injunctive relief requested and did not alter the equitable nature of the claim. He further ruled that the petitioners were not entitled to a jury trial on Joy’s claim for damages for misappropriation of trade secrets, and he set a hearing to determine damages. Although Judge Cherner did not specifically state in his order that he was entering a partial summary judgment in favor of Joy on the liability issue, the effect of the order was to do just that. Judge Cherner did not certify his order as final pursuant to Rule 54(b), Ala.R.Civ.P. After Judge Cherner refused to sign the statement required for an appeal by permission pursuant to Rule 5, Ala.R.App.P., the petitioners sought mandamus review in this Court. All of Joy’s claims (i.e., its damages claim alleging misappropriation of trade secrets; its conversion claim; and its claim based on the alleged unjust enrichment of the petitioners) remain pending below.
The gravamen of the petitioners’ argument is that this Court should issue a writ of mandamus directing Judge Cherner to set aside his order entering the partial summary judgment in favor of Joy and setting a hearing for a determination of damages because, they argue, the order had the effect of denying them their right, as guaranteed by Article I, § 11, of the Alabama Constitution, to have a jury decide disputed factual questions in connection with Joy’s claim for damages for misappropriation of trade secrets. Joy argues that the relief it sought under its claim for misappropriation of trade secrets was equitable in nature; that its damages claim was merely incidental to its request for injunctive relief and did not alter the equitable nature of the claim; and therefore, that it was within Judge Chenier’s equitable jurisdiction to determine the issue of the petitioners’ liability, and that it is also within his equitable jurisdiction to determine the amount of damages.
We find it unnecessary to determine with respect to this petition whether Judge Cherner erred in entering the partial summary judgment in favor of Joy on the issue of the petitioners’ liability for misappropriating trade secrets and setting a hearing for a determination of damages. It is well settled that mandamus is an extraordinary writ to be issued only in situations where other relief is unavailable or inadequate and that it is not a substitute for the appellate process. Continental Oil Co. v. Williams, 370 So.2d 953 (Ala.1979). The petitioners could not appeal Judge Cher-ner’s interlocutory partial summary judgment in favor of Joy and the order setting a hearing for a determination of damages, *254 pursuant to Rule 5, supra; nevertheless, the petitioners have an adequate remedy by appeal once a final judgment is entered in this case. We note that Ex parte Rush, 419 So.2d 1388 (Ala.1982), cited by the petitioners, is distinguishable from the present case. In Ex parte Rush, the cause underlying the plaintiffs declaratory judgment action against the defendant, George S. Rush, d/b/a Rush Engineers (“Rush”), was a contract dispute with attendant factual issues that were triable to a jury. Rush moved to dismiss the complaint under Rule 12(b)(6), Ala.R.Civ.P., contending that it failed to state a claim upon which relief could be granted. The trial judge denied that motion. Rush filed an answer and a counterclaim and both parties requested that certain documents be produced pursuant to Rule 34, Ala.R.Civ.P. The plaintiff then moved to strike Rush’s request for a jury trial and demanded a speedy hearing on the merits of the action. That motion was granted. Rush petitioned this Court for a writ of mandamus directing the trial judge to set aside his order denying Rush a trial by jury on the merits of the action. We issued the writ, noting that a writ of mandamus will lie to compel the granting of a trial by jury when there is no other adequate remedy available. Rush did not have another adequate remedy because his request for a trial by jury was stricken early in the litigation, prior to the entry of a judgment. In the present case, after over eight years of litigation, a partial summary judgment, albeit interlocutory in nature, was entered against the petitioners on the issue of liability for misappropriating trade secrets; thus, only the question of damages is left to be resolved. With the case in this posture, the petitioners have an adequate remedy by appeal once Judge Cherner enters a final judgment. Accordingly, mandamus is not the appropriate means of review in this case.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.

. Joy sold the Robbins Division of its company (i.e., the division of its company whose trade secrets had allegedly been misappropriated) to Robbins Manufacturing Company ("Robbins”). Robbins then intervened in the suit as a plaintiff and successor in interest to the injunctive relief that had previously been granted to Joy. Thereafter, Judge Cherner issued a permanent injunction in favor of Robbins. Because Robbins had sold the business in question to Marathon Le-Tourneau Company ("Marathon”) prior to the issuance of the permanent injunction, Judge Cherner allowed Marathon to later intervene in the suit as a party plaintiff and successor in interest to the injunctive relief that had been granted to Robbins. At this point in the litigation Marathon is the real party in interest with respect to the injunctive relief granted.