702 So.2d 169 (1997)
J.S.
v.
S.W. and B.W.
(In re S.M.S.).
2951530.
Court of Civil Appeals of Alabama.
August 15, 1997.
*170 Talmadge H. Fambrough, Pell City, for appellant.
Fitzhugh A. Burttram, Ashville; and Bert L. Brent, Pell City, for appellees.
Fred W. Teague of Teague & Rushing, P.C., Ashville, guardian ad litem.
PER CURIAM.
J.S., the father of S.M.S., a minor child, appeals from a judgment finding S.M.S. to be dependent and awarding primary physical custody of S.M.S. to S.W. and B.W., the child's maternal grandparents. We dismiss the appeal for lack of jurisdiction.
J.S. filed a motion in the trial court seeking temporary and permanent custody of S.M.S.; at that time, L.B., the child's mother, had custody. S.W. and B.W. moved to intervene in the case and requested that temporary and permanent custody of S.M.S. be awarded to them. After a hearing, the trial court found S.M.S. to be dependent; vested temporary legal custody in S.W. and B.W. and in J.S., jointly, pending further orders of the court; and awarded L.B. reasonable visitation. The trial court also scheduled a further hearing in the matter.
After a second hearing, at which ore tenus evidence was presented, the trial court entered a judgment on August 8, 1996, reaffirming its finding of dependency and finding that it was not in S.M.S.'s best interest to be returned to J.S. The trial court's judgment again vested temporary joint legal custody in S.W. and B.W. and in J.S., but provided that S.W. and B.W. "shall be the primary custodial parents" of S.M.S. and that J.S. would have certain predetermined visitation rights with respect to S.M.S. The trial court's judgment also contained the following provision:
"It is further ORDERED that [J.S.] pay child support in the amount of ___ per month beginning September 1, 1996; said child support to be paid to the Clerk of the District Court and remitted to [B.W. and S.W.]."
On August 22, 1996, J.S. filed a motion to alter, amend, or vacate this judgment so as to award him sole custody, or, in the alternative, for a new trial. S.W. and B.W. filed a response on August 29, 1996, denying J.S.'s right to relief. The trial court subsequently entered an order on September 16, 1996, purporting to deny J.S.'s motion to alter, amend, or vacate; additionally, the trial court's order contains the following pertinent provisions:
"The Court further finds that in the final paragraph of the Court's order of August 8, 1996 the child support for [J.S.] was inadvertently left blank by the Court, [and] the Court having seen that said amount was not established, it is therefore
"ORDERED, ADJUDGED AND DECREED that based on the income and salary of [J.S.], $1710.00 per month, [he] shall pay the sum of $281.00 per month as support and maintenance for [S.M.S.]."
J.S. filed a notice of appeal from the trial court's judgment on September 30, 1996.
We note that the trial court's August 8, 1996, judgment found S.M.S. to be dependent and made an award of primary custody to S.W. and B.W., and we note that custody of S.M.S. (and of S.M.S.'s half-sibling, whose custody is not an issue on this appeal) was the sole issue involved in this case. The trial court's September 16, 1996, post-judgment order completes a blank in the original judgment addressing the father's child support obligation with respect to S.M.S. We conclude that the trial court's September 16, 1996, post-judgment order is a correction of a clerical error in the original August 8, 1996, judgment, pursuant to Rule 60(a), Ala.R.Civ. *171 P.;[1] indeed, the trial court specifically states in its post-judgment order that it is correcting an "inadvertent omission" in its earlier judgment. A Rule 60(a) correction has no bearing on the timeliness of an appeal from the original uncorrected judgment. See Levine v. Malaga Restaurant, Inc., 501 So.2d 1231, 1233-34 (Ala.Civ.App.1987).
Moreover, the uncompleted blank in the support provision of the judgment did not destroy the finality of its judgment. At no time did S.W. and B.W. allege any distinct "claim" for relief in the form of child support from J.S. that would constitute an "allegation indicating the existence of a cause of action... the underlying factual basis for recovery of which could have been separately enforced" from their right to custody. Ex parte National Ins. Underwriters, 366 So.2d 687, 689-90 (Ala.1978). Thus, the trial court's August 8, 1996, judgment adjudicated all of the "claims" in this case, and was a final judgment for all purposes, including appeal.
Notice of appeal from a final judgment of a juvenile court must be filed within 14 days of the judgment. Ala.R.Juv.P. 28(C). The trial court's August 8, 1996, judgment thus could have been appealed only within 14 days from the date of its entry, or, alternatively, within 14 days of the disposition of J.S.'s August 22, 1996, post-judgment motion. See Ala. R.Juv.P. 28(C); Ala.R.App.P. 4(a)(3). This post-judgment motion remained pending only until September 5, 1996, when it was denied by operation of law. See Ala.R.Juv.P. 1(B). Therefore, the last possible day for filing a notice of appeal from the August 8, 1996, judgment was September 19, 1996. Because J.S. did not file his notice of appeal until September 30, 1996, this court does not have jurisdiction to review the August 8, 1996, judgment. Scheilz v. Scheilz, 579 So.2d 674, 675 (Ala.Civ.App.1991).
The September 16, 1996, post-judgment order, to the extent that it addresses the father's August 22, 1996, post-judgment motion outside the 14-day period provided in Rule 1(B), Ala.R.Juv.P., for its disposition, is a nullity and will not support an appeal. See Cleveland v. Savage, 582 So.2d 573, 574 (Ala. Civ.App.1991) (post-judgment order entered after date of disposition is, as a matter of law, a nullity); State Dep't of Revenue v. Zegarelli, 676 So.2d 354, 356 (Ala.Civ.App. 1996) (void judgment will not support an appeal). Consequently, the September 30, 1996, notice of appeal is untimely as a matter of law, and this court must dismiss the appeal based upon the absence of appellate jurisdiction. Rule 2(a)(1), Ala.R.App.P.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.
CRAWLEY, Judge, concurring specially.
I agree with the majority that Rule 60(a) governs the trial court's addition in the September 16, 1996, order of the father's child support obligation. I quote the concerns of Chief Justice Torbert with a broad application of Rule 60(a) which he expressed in Continental Oil Co. v. Williams, 370 So.2d 953 (Ala.1979).
"[G]enerally it can be said that the rule allows the correction of errors of a ministerial nature in order to reflect what was actually intended at the time of entry of the order. The rule contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documents a mistake mechanical in nature which does not involve a legal decision or judgment. In re Merry Queen Transfer Corp., 266 F.Supp. 605 (E.D.N.Y. 1967). In this respect it has been stated that:
"`Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it. To *172 that end 60(a) permits, inter alia, reasonable additions to the record. In contrast, Rule 60(b) is concerned with changing a final judgment, etc. In such a case the moving party understandably shoulders a much heavier burden.'
"United States v. Stuart, 392 F.2d 60, 62 (3rd Cir.1968). Corrections involving an exercise of judicial discretion or judgment modifying or enlarging a judgment or order are beyond the purview of Rule 60(a) and should properly be effected under Rule 59(e) or 60(b). "Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.' Wright & Miller, Federal Practice & Procedure § 2854, at 149 (1973). This court has stated:
"`The object of a judgment Nunc pro tunc is not the rendering of a new judgment and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply non-action by the court, however erroneous the judgment may have been.'

"Wilmerding v. The Corbin Banking Co., 126 Ala. 268, 273, 28 So. 640, 641 (1900).
"Since a correction pursuant to Rule 60(a) may be made at any time and on the trial court's initiative, the rule should be cautiously applied to preserve the integrity of final judgments. Otherwise, the finality of a judgment would only be illusory since the possibility would exist of substitution of a new judgment for the original one at a later date. Therefore, it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned. See Ex parte ACK Radio Supply of Georgia, 283 Ala. 630, 219 So.2d 880 (1969); Busby v. Pierson, 272 Ala. 59, 128 So.2d 516 (1961); Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947). Stated differently, the fact of mistake or error must be supported by the record of the proceedings. See Harris v. Harris, 256 Ala. 192, 54 So.2d 291 (1951)."
370 So.2d at 955-56 (Ala.1979) (Torbert, C.J., concurring specially).
S.W. and B.W. and J.S. each completed a child support income affidavit (CS-41 form). Although the trial court left blank J.S.'s child support obligation in the August 8, 1996, order, the amount of child support it ordered in the September 16, 1996, order "may be gleaned" from the CS-41 forms and is "supported by the record of the proceedings." Id. Therefore, I agree that Rule 60(a) governs the addition of J.S.'s child support obligation and that the August 8, 1996, order is a final order. If the record had not contained the CS-41 forms, I would not be able to agree that Rule 60(a) governed the amended order, and I would hold that the August 8, 1996, order was not a final order because the amount of child support would not have been "gleaned" from the record or "supported by the record." Id.
NOTES
[1] Rule 60(a), Ala.R.Civ.P., provides in pertinent part (emphasis added):

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."