CRAWLEY, Judge,
concurring specially.
I agree with the majority that Rule 60(a) governs the trial court’s addition in the September 16, 1996, order of the father’s child support obligation. I quote the concerns of Chief Justice Torbert with a broad application of Rule 60(a) which he expressed in Continental Oil Co. v. Williams, 370 So.2d 953 (Ala.1979).
“[Gjenerally it can be said that the rule allows the correction of errors of a ministerial nature in order to reflect what was actually intended at the time of entry of the order. The rule contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documents a mistake mechanical in nature which does not involve a legal decision or judgment. In re Merry Queen Transfer Corp., 266 F.Supp. 605 (E.D.N.Y.1967). In this respect it has been stated that:
“ ‘Rule 60(a) is concerned primarily with mistakes which do not really attack the party’s fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it. To *172 that end 60(a) permits, inter alia, reasonable additions to the record. In contrast, Rule 60(b) is concerned with changing a final judgment, etc. In such a ease the moving party understandably shoulders a much heavier burden.’
“United States v. Stuart, 392 F.2d 60, 62 (3rd Cir.1968). Corrections involving an exercise of judicial discretion or judgment modifying or enlarging a judgment or order are beyond the purview of Rule 60(a) and should properly be effected under Rule 59(e) or 60(b). ‘Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.’ Wright & Miller, Federal Practice & Procedure § 2854, at 149 (1973). This court has stated:
“ ‘The object of a judgment Nunc pro tune is not the rendering of a new judgment and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply non-action by the court, however erroneous the judgment may have been.’
“Wilmerding v. The Corbin Banking Co., 126 Ala. 268, 273, 28 So. 640, 641 (1900).
“Since a correction pursuant to Rule 60(a) may be made at any time and on the trial court’s initiative, the rule should be cautiously applied to preserve the integrity of final judgments. Otherwise, the finality of a judgment would only be illusory since the possibility would exist of substitution of a new judgment for the original one at a later date. Therefore, it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned. See Ex parte ACK Radio Supply of Georgia, 283 Ala. 630, 219 So.2d 880 (1969); Busby v. Pierson, 272 Ala. 59, 128 So.2d 516 (1961); Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947). Stated differently, the fact of mistake or error must be supported by the record of the proceedings. See Harris v. Harris, 256 Ala. 192, 54 So.2d 291 (1951).”
370 So.2d at 955-56 (Ala.1979) (Torbert, C.J., concurring specially).
S.W. and B.W. and J.S. each completed a child support income affidavit (CS-41 form). Although the trial court left blank J.S.’s child support obligation in the August 8, 1996, order, the amount of child support it ordered in the September 16, 1996, order “may be gleaned” from the CS-41 forms and is “supported by the record of the proceedings.” Id. Therefore, I agree that Rule 60(a) governs the addition of J.S.’s child support obligation and that the August 8,1996, order is a final order. If the record had not contained the CS-41 forms, I would not be able to agree that Rule 60(a) governed the amended order, and I would hold that the August 8, 1996, order was not a final order because the amount of child support would not have been “gleaned” from the record or “supported by the record.” Id.