307 So.2d 540

Eve Marchman PERRY

v.

James Zachry PERRY.

Civ. 437.

Court of Civil Appeals of Alabama.

Jan. 29, 1975.

William G. Hamm, Jr., Huntsville, for appellant.

Lanier, Shaver & Herring, and E. Cutter Hughes, Jr., Huntsville, for appellee.

Calvin M. Whitesell, Montgomery, for appellant.

Matthis W. Piel, Montgomery, for appellee.

BRADLEY, Judge.

The parties to this proceeding were divorced by a decree of the Circuit Court of Montgomery County, Alabama on August 16, 1972. There was incorporated in the decree a "Separation Agreement" which had been entered into by the parties and filed with the court on August 15, 1972.

In the complaint seeking a divorce, Eve Marchman Perry, the complainant in that proceeding and the appellant here, prayed that, as a part of the relief to be granted her, respondent be required to maintain in effect until her death or remarriage four (4) insurance policies then existing and naming her as the beneficiary.

The "Separation Agreement" which was incorporated into the trial court's decree required that the four insurance policies be maintained in effect, but omitted any requirement that complainant or anyone else be named or remain as beneficiary.

On September 17, 1973 appellant filed a petition to modify the former decree to reflect the intention of the parties to name appellant as beneficiary of the four insurance policies. It was averred in said petition that due to ". . . mutual mistakes and inadvertence of the parties their intention was not set out in the Separation Agreement." A copy of this petition was served on the appellee and the court set the matter for hearing. Prior to the hearing appellee filed a motion to dismiss alleging in essence that the appellant had not brought the alleged "mistake or inadvertence" to the attention of the trial court within the four month period allowed by

Rule 60(b) of the Alabama Rules of Civil Procedure.

After a hearing, the trial court granted the motion to dismiss on the ground that the motion to correct the decree was not filed within the time limit set out in Rule 60 of the Alabama Rules of Civil Procedure. There was no appeal from this order.

Subsequently the appellant filed another petition to modify the divorce decree in the same court averring in substance that, due to ". . . clerical mistake by Petitioner's attorney, . . ." the intention of the parties to make appellant the beneficiary of the four insurance policies was not exhibited in the "Separation Agreement" that became a part of the trial court's decree.

· Attached to this petition to modify as exhibits were copies of two letters written by appellee, one to appellant and one to appellant's attorney. The letters reflect that appellee had agreed to keep appellant as the beneficiary of the four insurance policies and to keep them in force and effect until her death or remarriage.

This second petition to modify was set for hearing before the court on June 3, 1974. Prior to the hearing date, appellant moved for the production of the four insurance policies at the hearing ordered by the court. The documents were ordered to be produced at that time.

Also prior to the hearing appellee filed a motion to dismiss in which he in substance alleged that the mistake had not been called to the attention of the trial court within four months after rendition of the decree as required by Rule 60, Alabama Rules of Civil Procedure.

■ The effect of the motion, should the court find that the alleged mistake was within the four month limitation portion of the rule, would be to preclude the court from changing its decree due to lack of authority or jurisdiction.

The second petition to modify the divorce decree was dismissed by the court for failure to comply with Rule 60. The appeal is from that judgment. The one assignment of error contends that the trial court erred in dismissing the petition to modify.

■ The petition to modify the divorce decree was treated by the trial court as a motion to correct a mistake in the former decree as permitted by Rule 60(b)(1), Alabama Rules of Civil Procedure. It is there provided that:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, . . .. The motion shall be made within a reasonable time, and for reasons (1), . . . not more than four months after the judgment, order, or proceeding was entered or taken. . . ."

We do not consider the alleged error or mistake committed by appellant's attorney in drafting the "Separation Agreement" that was made a part of the trial court's decree to fall in the category of errors contemplated by Rule 60(b)(1), *supra.* Rather, we consider the alleged mistake or error to be of the type that could come within the purview of Rule 60(a), Alabama Rules of Civil Procedure, wherein it is provided:

". . . [E]*rrors* therein *arising from oversight or omission* may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. . . ." (Emphasis supplied.)

In our review of the most recent Federal decisions on these rules we see that in Smith v. Ins. Co. of North America, D.C. Tenn., 213 F.Supp. 675, the court said, "The provision to which the plaintiff objects was so obviously implicit in the original judgment that its omission may proper-

ly be regarded as an inadvertent error subject to correction at any time under Rule 60(a), Federal Rules of Civil Procedure."

There the amendment of judgment for the plaintiff had excluded credit for defendant's insurer's payments to mortgagees agreed upon under a compromise settlement.

In the instant case the appellant by her motion asked the court to decide, after a hearing, that, due to oversight or omission, the intentions of the parties had not been reflected in the decree, and she wanted such omission corrected. And, we are of the opinion that when the final decree does not speak the intent of the parties, as agreed upon, due to error of omission or oversight, such error falls within the meaning of Rule 60(a), *supra.* However, it is not our intention in this opinion to decide whether the alleged omission of the appellant as the beneficiary of the insurance policies was an error correctable under Rule 60(a) or whether it was the intent of the parties to refrain from naming her as the beneficiary of the insurance policies. These questions can be answered only by the trial court after a hearing on the merits of the controversy. The record does not reflect that such a hearing was held prior to the dismissal of the petition in question.

The dismissal by the trial court of the petition to correct the record without a hearing on the question of whether or not the alleged error in the court's decree was one of oversight or omission as contemplated by Rule 60(a), Alabama Rules of Civil Procedure, constitutes reversible error. Consequently, the trial court's judgment dismissing the petition to correct the decree is reversed and the case remanded for a hearing on the merits of appellant's motion.

Reversed and remanded.

WRIGHT, P. J., and HOLMES, J., concur.