WRIGHT, Presiding Judge.
This case involves an amendment of a final judgment of divorce under Rule 60(a), A.R.C.P. The issue is whether such amendment may be made nunc pro tunc by the court upon motion by a party without notice to the other party more than two years after judgment.
The record discloses the following: The parties were divorced on July 5, 1978. The judgment recites that the court had “heard the contents of the petition, agreement of parties and answer and waiver of defendant and testimony.. . . ” There were no provisions as to custody of three minor children, their support, alimony, property division, etc., recited in the judgment. All of such provisions were set out in an agreement filed in the case on June 29, 1978. That agreement was signed and acknowledged before a notary public by each party. The judgment failed to recite the incorporation of the agreement.
However, defendant-appellant, on January 16, 1979, filed a petition to modify the decree of July 5, 1978. He alleged that such decree had incorporated therein terms of the agreement of the parties. Defendant then sought modification of certain terms of the agreement relating to periodic alimony, child support, property division and cash settlement. He further sought construction of certain alleged ambiguous provisions. He further indicated that the agreement had been substantially executed by the parties.
Plaintiff answered defendant’s petition to modify with admission that the agreement was a part of the original decree and cross-petitioned for relief and modification thereof.
Defendant filed an amended petition to modify on May 1, 1979. Plaintiff filed a petition for contempt for failure of defendant to comply with the terms of the divorce decree (agreement).
On August 9, 1979, all of the petitions were heard by the court and judgment entered thereon denying defendant’s petition to modify, and granting those of plaintiff. Defendant was found to be delinquent in alimony, child support and other matters. He was directed to perform other and different obligations in relation to the children and was ordered to pay an attorney fee to plaintiff. There appears no appeal from that decree.
There is no further entry in the record of the case until February 11, 1981, when plaintiff filed her motion to amend the original divorce decree to incorporate therein the agreement of the parties. The court complied with the motion on February 18, 1981, apparently without notice to defendant. Defendant moved to vacate the amended decree on April 23, 1981. That motion was denied after hearing on May 6, 1981. Defendant appealed.
It is not evident to this court why, after de facto recognition for two and one-half years by the parties and the court that the agreement was a part of the judgment of divorce, it was deemed necessary to make that recognition de jure. For whatever reason it was done, necessary or not, we affirm the action of the trial court. Rule 60(a), A.R.C.P. permits errors arising in judgments from oversight or omission to be “corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.” Continental Oil Co. v. Williams, 370 So.2d 953 (Ala.1979); Perry v. Perry, 54 Ala.App. 296, 307 So.2d 540 (1975).
In any event, we consider that defendant has previously recognized the *951 agreement as a part of the judgment by his own pleadings and acceptance of its construction and enforcement by the court. He is thus estopped from contending to the contrary. Allegans contraria non est au-diendus — one who contradicts himself is not to be heard.
Appellee’s motion for attorney’s fee on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.