BRADLEY, Presiding Judge.
This is a mandamus proceeding.
The State of Alabama, acting on behalf of Patricia Howard, filed a paternity action in Jefferson County Juvenile Court. Howard is the natural mother of Olando and Tamika Howard, the children made the subjects of the paternity action. Charles Chil-dress was named as defendant.
Childress raised the statute of limitations as an affirmative defense to the paternity action, and the State responded with a motion to add the two children as parties plaintiff. Subsequently, the court entered an order naming Childress as the children’s father.
The case was appealed to circuit court, and Childress filed a motion to dismiss reasserting his statute of limitations defense. The State then filed a motion to correct the record to reflect the court’s granting of the State’s motion to add the children as parties plaintiff. This motion was granted and, in response, Childress’s motion to dismiss was denied. Rule 60(a), Alabama Rules of Civil Procedure.
Childress then filed a petition for writ of mandamus directed toward the judge who granted both the motion to add parties plaintiff and the motion to correct the record. A second circuit judge was then assigned to review the mandamus petition, and he dismissed it on the ground that he could not review the order of another circuit judge absent statutory authority. Juvenile court judges in Jefferson County are circuit court judges.
The trial judge then entered a nunc pro tunc order to show that he had indeed added Olando and Tamika Howard as parties plaintiff.
Subsequently, Childress refiled his petition for mandamus with this court request *303 ing that we quash the order adding the children as parties plaintiff and that we direct the court to withdraw said orders. In the alternative, Childress requests that we direct the trial court judge to deny the motion to add parties plaintiff on the ground of a lack of jurisdiction.
The dispositive issue here is whether the trial judge properly corrected the record and then granted a nunc pro tunc order setting out the details of the correction.
Pursuant to A.R.Civ.P. Rule 60(a):
“Clerical mistakes in judgments ... and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court.”
The court’s nunc pro tunc order provides:
“1. On February 11, 1987 there was pending in this cause a timely Motion to add Orlando [sic] Howard and Tomeka [sic] Howard as [parties plaintiff]. Said Motion was due to be and was granted orally making the above named parties Plaintiffs, [emphasis added]
“2. The Court, in error, arising from oversight or omission, inadvertently failed to enter of record said Order directing that Orlando [sic] Howard and Tomeka [sic] Howard be made [Parties Plaintiff].”
In interpreting Rule 60(a), our supreme court has found that:
“The term ‘clerical errors’ is not limited solely to errors by the clerk in transcription. It can also include errors by ... the judge himself. When a correction is based upon recollection of the court it is not subject to contest.”
Continental Oil Co. ¶. Williams, 370 So. 2d 953 (Ala.1979); see also, Thorsen v. Thorsen, 406 So.2d 949 (Ala.Civ.App.1981).
The judge’s nunc pro tunc order indicates that he actually added the children as parties plaintiff. The order provides that the State’s motion was granted orally. Consequently, the judge’s action correcting the record is in compliance with 60(a), as it corrects not a failure to act, but the failure of the record to reflect judicial action. We would also note that the record correction is based on the recollection of the judge as to what actually occurred. As stated previously, that recollection is indisputable.

Continental Oil Co.

Finally, Rule 60(a) provides for the correction of errors “during the pendency of an appeal and thereafter.” Thus, the court was not in error for entering its nunc pro tunc order while the case was on appeal to the circuit court.
For mandamus to issue, the petitioner must demonstrate a clear showing of error, a clear legal right to the relief requested, and no other adequate remedy. Ex parte Jones, 447 So.2d 709 (Ala.1984). Having found no error on the part of the judge in his correcting the record omission, we deny petitioner's request for mandamus.
WRIT DENIED.
HOLMES and INGRAM, JJ., concur.