ROBERTSON, Judge.
This case involves post-divorce proceedings.
The parties were divorced in September 1988, and the divorce decree provided for a property division. We affirmed on appeal. Antepenko v. Antepenko, 549 So.2d 1357 (Ala.Civ.App.1989).
The original divorce decree specified provisions for the sale of some of the marital assets and distribution of the proceeds after payment of outstanding claims. The division of the net proceeds from the sale of the real property was to be one-third to the wife and two-thirds to the husband. The remaining cash funds on deposit with the clerk, after payment of other claims, *268 were ordered to be divided equally between the parties.
After the assets were sold, a hearing was held, and the trial court entered an order distributing the proceeds. The wife’s post-trial motions concerning this distribution were denied, and she appealed on October 5, 1989. The wife subsequently filed a petition for a writ of mandamus requesting this court to order the trial court to distribute the proceeds in accordance with the original decree. On October 16, 1989, this court entered an order treating the petition as an alternative remedy for appeal and consolidating the appeal and petition for record and brief writing purposes.
The dispositive issues on appeal are: (1) Did the trial court have the authority to order the payment of certain claims from the funds on deposit with the clerk? (2) Did the trial court abuse its discretion in the manner in which it divided the proceeds from the sale of the marital assets, which included real and personal property?
The wife first contends that the trial court was without authority to order the payment of certain marital debts from funds held by the clerk as a result of the divorce. She argues that such order denied her right to question the reasonableness of the claims or the quality of the work performed. She further argues that the funds had been awarded pursuant to a property division and that ordering the payment of claims from those funds was a modification of the property division.
The original divorce decree provided:
“The [Trial] Court hereby expressly reserves for further hearing all outstanding pending claims for payment from funds on deposit with the Clerk of the Court. Following payment of any outstanding claims, the remaining cash funds held by the Clerk of the Court shall be divided equally between the parties.”
Such a hearing was held on September 15, 1989, wherein the trial court received testimony from the parties and allowed the parties to review the pending claims and advise the court of their position in regard to each claim. The claims were individually reviewed at the hearing, and the testimony conflicted regarding who should be responsible for their payment.
We note here that when a judgment of the trial court is based on ore tenus evidence, it is afforded a presumption of correctness on appeal. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). Further, the trial court has broad discretion in requiring the payment of marital debts. Kaleta v. Kaleta, 452 So.2d 1338 (Ala.Civ.App.1984).
It is well established that a trial court lacks the authority to alter a property division ordered pursuant to divorce once that order becomes final. Ex parte Kirkley, 418 So.2d 118 (Ala.Civ.App.1982), citing Small v. Small, 412 So.2d 283 (Ala.Civ.App.1982). However, we do not find here a modification of the ordered property division, but rather, a subsequent hearing and order detailing the specifics of the claims and disbursements in compliance with the original decree. Clearly, here there was evidence to support the judgment of the trial court in ordering the payment of certain claims from the funds on deposit with the clerk and such was not error, and we affirm as to that issue.
The wife next contends that the trial court erred in the division of the proceeds from the sale of the marital assets. She contends that the division utilized by the trial court did not follow the division ordered in the divorce decree, and that, as a result, she received a smaller portion of the marital estate than was originally ordered.
The decree set out a formula to divide the assets between the parties. The wife’s portion was one-third of the net proceeds from the sale of the real property, and one-half the remaining funds on deposit with the clerk after payment of other claims.
The record is not clear how the trial court arrived at the figures it ordered, and we cannot determine what computation was utilized. However, we.can determine by mathematical computations that the formula ordered in the original divorce decree *269 was not followed. Therefore, it appears, from the record, that the trial court erred in its division of these proceeds.
Accordingly, we reverse and remand as to this issue and direct that the trial court enter an order distributing the funds in compliance with the terms of the original divorce decree.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.