This case concerns postdivorce proceedings.
The parties were divorced in the Circuit Court of Franklin County on September 21, 1988. The divorce decree was then appealed to this court and affirmed. See Antepenko v.Antepenko, 549 So.2d 1357 (Ala.Civ.App. 1989).
On August 17, 1989 the wife filed a contempt petition in the circuit court alleging that the husband had failed to provide her with medical insurance as required by the divorce decree. On January 25, 1990 this petition for contempt was amended to allege that the husband had failed to deed certain property to the wife as required by the decree. On October 4, 1989, while that petition was pending, the circuit court entered an order distributing certain funds which had been held on deposit with the circuit court clerk. The wife then appealed that distribution order to this court on October 5, 1989. Then, on October 6, the wife filed a petition for writ of mandamus with this court. On March 21, 1990 this court reversed and remanded the case for further proceedings concerning the distribution order. See Antepenko v. Antepenko, 562 So.2d 267
(Ala.Civ.App. 1990).
The husband then filed a detinue action against the wife seeking to recover several tractors and other equipment from a farm that was awarded to the wife as part of the property settlement. On May 9, 1990 the husband filed a "Motion for Relief From Judgment Under Rule 60(a) and Rule 60(b)(6)," Alabama Rules of Civil Procedure, in the circuit court. The motion was granted on June 4, 1990. On June 12, 1990 the wife filed a motion with the circuit court to alter, amend, or vacate the granting *Page 838 
of the Rule 60 motion. The wife's motion was heard before the trial court on July 27, 1990, and the wife's petition for contempt was also heard at that time. On August 20, 1990 the trial court entered an order denying both the motion and the petition. The trial court also entered an order redistributing the funds in compliance with the remand order from this court.
The wife then filed several appeals with this court. On September 21, 1990 the wife appealed the trial court's order granting the husband's Rule 60 motion. On November 1, 1990 the wife appealed the trial court's denial of her petition for contempt. The wife also appealed the trial court's distribution of funds on remand, and then filed a writ of mandamus on this issue. On January 8, 1991 this court entered an order consolidating these actions.
The first issue raised by the wife is whether the trial court erred in granting the husband's Rule 60(a) motion.
The husband filed the Rule 60 motion after bringing a detinue action against the wife to recover tractors and other farm equipment located on land the wife received as part of the property settlement. In response to the detinue action, the wife raised the defenses of res judicata and collateral estoppel. The wife argued that the disposition of the couple's personalty had already been determined by the divorce decree as follows:
 "The parties to this proceeding having earlier effected a division of their personal property, it is hereby ORDERED, ADJUDGED, and DECREED by the Court that the personal property now in the possession of the respective parties is hereby confirmed, and the respective parties are hereby divested of any right, title, or interest of any personal property in the possession of the other party."
The husband then filed the Rule 60 motion, asserting that the farm equipment he sought to recover through detinue was not intended to be covered by the general language of the above provision. The husband brought the motion under Rule 60(a) or Rule 60(b)(6) and the trial court granted the motion under Rule 60(a).
Rule 60(a) allows a correction of clerical errors, or error arising from oversight, in a judgment or order and may include errors by the court itself. Continental Oil Co. v. Williams,370 So.2d 953 (Ala. 1979). The trial court has wide discretion in making a determination to grant or deny such a motion, and its determination will not be reversed by this court absent a clear abuse of discretion. Shipe v. Shipe, 477 So.2d 430
(Ala.Civ.App. 1985). Here, in its order granting the husband's Rule 60(a) motion, the trial court stated that its failure to make a specific disposition of the farm equipment was an accidental omission. The trial court further stated that the general provision of the divorce decree regarding the couple's personalty was not intended to apply to the farm equipment. It appears from this that the trial court granted the husband's motion on the basis of its own recollection of its own intent. When the correction of such errors through Rule 60(a) is based upon the recollection of the court, it is not subject to contest. Childress v. Nice, 522 So.2d 302 (Ala.Civ.App. 1988);see also Thorsen v. Thorsen, 406 So.2d 949
(Ala.Civ.App. 1981). Accordingly, we must conclude that the trial court did not commit reversible error by granting the husband's motion under Rule 60(a).
The next issue raised by the wife is whether the trial court erred in its disposition of proceeds from the sale of the parties' marital assets.
Over the course of the parties' divorce proceedings, over $371,000 was deposited with the court clerk for distribution after the resolution of the litigation. The funds consisted of the proceeds from the sale of both the marital residence and certain joint personal property of the parties, as well as the liquidated funds from the parties' joint bank accounts and miscellaneous other sources.
The divorce decree sets out the following provision regarding the proceeds from the sale of the parties' marital residence:
 "It is further ORDERED that the proceeds from the sale of the marital residence of the parties and the real estate *Page 839 
on which the same is situated . . . shall be divided between the parties with the plaintiff receiving one-third (1/3) and the defendant receiving two-thirds (2/3) of the net proceeds realized from said sale."
The divorce decree goes on to provide that the remainder of the funds on deposit with the court clerk would be "divided equally between the parties." In Antepenko v. Antepenko,562 So.2d 267 (Ala.Civ.App. 1990), this court specifically directed the trial court on remand to distribute to the wife "one-third of the net proceeds from the sale of the real property, and one-half the remaining funds on deposit with the clerk after payment of other claims."
In response to our remand order, the trial court entered an order of distribution on August 20, 1990 in which it combined the proceeds from the sale of the marital home and the joint personal property, then distributed one-third of that total to the wife. The court then gave the wife one-half of the remaining funds deposited with the court clerk. The wife now contends that the court erred in its distribution because it allowed the wife only a one-third share of the proceeds from the sale of the personal property.
The divorce decree does not provide that the wife's share of proceeds from the sale of personal property should be limited to one-third. Rather, the decree provides that the wife is to receive one-third of the net proceeds from the sale of the real property and a one-half share of the remaining funds on deposit with the court clerk. The trial court erred in its August 20, 1990 order distributing the proceeds from the sale of personal property. We therefore remand this cause to allow the trial court to recalculate the distribution of these proceeds as provided in this opinion.
The next issue raised by the wife is whether the trial court erred in denying the wife's petition for contempt. In contempt of court cases, our scope of review is limited to questions of law and whether there is any legal evidence to support the trial court's findings. Ex parte Hulsey, 536 So.2d 75
(Ala.Civ.App. 1988).
The petition alleges that the husband has violated two separate provisions of the divorce decree. The wife first argues that the husband failed to maintain medical insurance on her as required by the divorce decree. The decree states:
 "It is further ordered that the defendant shall execute the necessary documents to afford continued medical insurance coverage for the use and benefit of the plaintiff who shall be responsible for the monthly premium due thereon."
Before the divorce, the wife was insured by a policy she obtained as a full-time employee of Classic Tool and Die, Inc., a corporation owned by the husband. The policy stipulated that coverage would be provided only to full-time employees and their eligible dependents, and only while the corporation was actually in operation. Classic Tool and Die was dissolved in November 1984; however, the husband did not cancel the employee insurance until the corporate affairs were finally settled in 1988. The insurance company then offered a "conversion" policy for those employees who had been covered by the corporate insurance. This coverage was made available to the wife.
The wife contends that the husband canceled her employee insurance policy in contempt of the divorce decree, leaving her with greatly reduced coverage through the conversion policy. However, the evidence shows that the husband could not continue the policy after the corporate liquidation was completed. Indeed, the policy was due to be canceled when the corporation ceased operation in 1984. The parties agree that the conversion policy coverage is inferior to the employee insurance policy. However, the divorce decree does not order the husband to arrange for coverage equivalent to the employee policy. The husband executed the documents necessary to provide the wife with the conversion policy coverage, and this was all that the divorce decree required of him. Accordingly, the trial court did not err in finding the husband not in contempt of this provision of the decree. *Page 840 
The wife next argues that the husband failed to deed certain land to her as required by the divorce decree. The decree unequivocally orders the husband to deed to the wife a house and lot located in Littleville, Alabama. The decree also orders the wife to transfer her interest in certain Illinois property to the husband. At trial, the husband admitted that he had not deeded the Littleville property to the wife, but stated that he did not do so because the wife had not yet deeded the Illinois property to him. We do not find that the husband's duty to comply with the divorce decree is contingent on the wife's compliance. The record clearly shows that the husband has willfully refused to execute the required deed; thus, the trial court's denial of the petition for contempt is not supported by the evidence. Accordingly, this aspect of the trial court's judgment is reversed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.