HOUSTON, Justice.
Daniel J. Antepenko filed this detinue action against his former wife, Doris S. Antepenko, seeking to establish title to, and to recover possession of, certain items of farm machinery. The case was tried to a jury, which returned a verdict for Mr. Antepenko, and the trial court entered a judgment on that verdict, awarding possession of the property to him. Ms. Antepen-ko appealed. We affirm.
The following issues were presented for our review:
(1) Whether the title to the property in question was adjudicated in the parties’ divorce action in favor of Ms. Antepenko, so as to bar the present action under principles of res judicata or collateral estoppel;
(2) Whether the trial court’s instruction to the jury that the title to the property had not been adjudicated in the divorce action constituted reversible error;
(3) Whether the trial court’s refusal to give Ms. Antepenko’s requested jury instruction concerning the elements of res judicata and collateral estoppel constituted reversible error;
(4) Whether the trial court’s refusal to give Ms. Antepenko’s requested jury instructions concerning Mr. Antepenko’s burden of proof constituted reversible error; and
(5) Whether the verdict is supported by the evidence.
The Court of Civil Appeals recently held that ownership of the property made the subject of the present action was not adjudicated in the parties’ divorce action, see Antepenko v. Antepenko, 584 So.2d 836 (Ala.Civ.App.1991); accordingly, the first three issues must be resolved in favor of Mr. Antepenko. Likewise, the fourth issue is also due to be resolved in Mr. Antepen- *841 ko’s favor because the rules of law embodied in the refused instructions were substantially and fairly given to the jury in the trial court’s oral charge. Rule 51, Ala. R.Civ.P. Finally, with regard to the fifth issue, our review of the record indicates that the evidence is sufficient to support the verdict.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.