This case involves post-divorce proceedings.
The parties divorced in November 1988. At the hearing prior to entering the written divorce decree, the court announced from the bench that the wife was awarded $7500 periodic alimony and later announced that the wife was awarded $7500 as attorney's fees in the form of periodic alimony and that costs would be taxed against the husband. The written order specified that the wife was ordered $7500 periodic alimony, was silent regarding attorney's fees, and ordered the husband to pay costs.
Since that time, numerous post-judgment motions and petitions for modification, which were filed by each side, have been considered by the trial court. A continuing topic in the wife's pleadings has been her plea for a written attorney's fee award, which she contends was announced by the trial court in the original divorce proceeding, and was in addition to the alimony award of $7500. On each occasion, the trial court has neglected to address the wife's concerns regarding this award.
Ultimately, in March 1991, the wife filed a "Motion to Clarify," requesting, inter alia, that the court order in writing that the wife was awarded $7500 as attorney's fees in the original divorce decree. Following a hearing on that motion, the trial court then entered an order, which stated, in pertinent part, as follows:
 "The Court . . . is of the opinion that the original order clearly included the sum of Seven Thousand Five Hundred ($7,500) Dollars as attorney's fees to be paid by the [husband] to the [wife]. The fact that the amount was not reduced to writing and made part of the first original written decree, and the fact that it has to this date not yet been reduced to writing does not change the fact that both parties were in Court and present with counsel at the time the original decree was announced from the bench. Both parties have been fully aware of that provision, and both parties have made it the subject of a number of motion arguments since the date of the original decree. Therefore, rendering that matter into writing is merely placing into writing that which was announced from the bench in open Court in the presence of both parties and counsel and does not change in any way the original decree. It is therefore, ORDERED, ADJUDGED and DECREED that the [husband] still owes Seven Thousand Five Hundred ($7,500) Dollars as originally assessed against him as attorney's fees on behalf of the wife."
The husband appeals from that order and contends that the trial court erred "by modifying the terms of its divorce judgment" which was entered approximately two and one half years prior to this order. The wife argues that the original divorce decree was not modified by this order. A simple reading of the most recent order supports the wife's position in this argument. Therefore, the dispositive issue becomes whether a trial court may enter a written order to add language omitted from the original divorce decree entered two and one half years earlier.
Rule 60(a), A.R.Civ.P., allows a trial court to correct an order "on its own initiative or on the motion of any party"; however, such freedom is not unbridled and does not authorize a second review of a judgment. Cornelius v. Green,521 So.2d 942 (Ala. 1988). Additionally, the right allowed by that rule to correct a clerical error does not authorize the trial court to render a different judgment. Mayer v. Mayer, 491 So.2d 249
(Ala.Civ.App. 1986); Michael v. Michael, 454 So.2d 1035
(Ala.Civ.App. 1984).
Our review of the record reveals that, as the husband correctly asserts, the time has lapsed for the wife's post-trial motions, including her motion under Rule 60(b), A.R.Civ.P., for relief from the judgment. Additionally, the law is well settled that the written final judgment takes precedence over contrary announcements made in open court.Roden v. Colburn, 522 So.2d 290 (Ala.Civ.App. 1988); Hobbs v.Hobbs, 423 So.2d 878 (Ala.Civ.App. 1982). When a statement made by the trial court at the end of the trial is contrary to the *Page 1201 
actual judgment, the proper remedy to challenge that inconsistency is through timely post-trial motions and timely appeal. See Hobbs, supra.
In the instant case, the wording of the order is crystal clear that the trial court's specific intention from the beginning was that "the original order clearly included" the award of attorney's fees. Therefore, it is apparent that the trial court viewed the wife's motion to clarify as a new motion, requesting correction of an "oversight or omission" pursuant to Rule 60(a), A.R.Civ.P. See Perry v. Perry,54 Ala. App. 296, 307 So.2d 540 (Ala.Civ.App. 1975). That rule permits a trial court to correct errors from oversight or omission at any time. Hudson v. Hudson, 555 So.2d 1084
(Ala.Civ.App. 1989); Perry, supra.
The term "clerical errors" in Rule 60(a), A.R.Civ.P., is not limited to transcription errors by the clerk and can include errors or omissions committed by the judge to which corrections may be made at any time. Continental Oil Co. v. Williams,370 So.2d 953 (Ala. 1979). The use of the rule to correct such mistakes requires judicious application in only the proper circumstances. It is improper for the trial court to utilize the correction rights under that rule to enlarge or modify its order, or to render a new judgment. See Continental, supra.
Rule 60(a), A.R.Civ.P., however, may be utilized to make a judgment comply with the original pronouncement when such correction, as here, is supported by the record of the proceedings. See also Chief Justice Torbert's special concurrence in Continental at 955.
The record in the instant case contains a transcript of the original divorce proceeding, which contains the trial court's announcement from the bench regarding the award for attorney's fees. Also contained in the record are numerous subsequent pleadings, proceedings, and orders concerning other aspects of the divorce. The path of legal paperwork in this record indicates that these parties refuse to remain happily married or happily divorced. As such, it is simple to comprehend how the trial court in this instance became bogged in the problems and numerous proceedings between these parties, and merely failed to reduce to writing everything it intended. As previously stated, "[i]nterruptions, preoccupation about other matters, time and trial pressures, engorged dockets, double capacity caseloads and myriad other reasons can lead to an oversight or omission, as was very humanly made in this instance. . . ." Ward v. Ullery, 442 So.2d 99, 101
(Ala.Civ.App. 1983).
The determination whether to grant such a motion lies within the broad discretion of the trial court and cannot be reversed by this court absent a clear abuse of discretion. Antepenko v.Antepenko, 584 So.2d 836 (Ala.Civ.App. 1991). It appears that the trial court granted the motion in the instant case on the basis of its own recollection, and that recollection is indisputable. Antepenko, supra; Ex parte Childress,522 So.2d 302 (Ala.Civ.App. 1988).
In its order, the trial court addressed its "failure to enter in the original order the attorney's fee" award and stated that its intentions have been clear from the outset regarding this award. Such error is correctable within the scope of Rule 60(a). Cooper v. Cooper, 494 So.2d 109 (Ala.Civ.App. 1986). Its failure to include the award in written orders prior to this order can be attributable to "oversight or omission" due to its involvement with the numerous other concerns constantly raised by the parties since the divorce. The record in this case clearly supports the action by the trial court to correct its earlier omission by reducing to writing the order for the husband to pay the wife's attorney's fee. Such action is not a modification or change from the previous divorce decree, nor a reconsideration of a contrary announcement. The correction is based on the transcript of the earlier proceedings, as well as the recollection of the trial court regarding what actually occurred. The new order corrects the failure of the earlier order to reflect judicial action.
Based on the foregoing, we conclude that the trial court properly granted the wife's motion. The trial court is empowered to *Page 1202 
correct the omission of the original divorce decree to make it speak the truth of its intentions by means of this judgment.Ward, supra.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.