MADDOX, Justice.
The primary issue presented by this appeal is whether a trial court has jurisdiction, under the provisions of Rule 60(a), Ala.R.Civ.P., to correct a prior judgment to make it speak the truth.
The underlying case arose out an automobile accident that occurred on October 3, 1988, in Birmingham, Alabama. A vehicle driven by Everett Wilson was struck by a vehicle driven by Timothy Banks and in which Wanda Banks was a passenger. The collision occurred at an intersection controlled by a traffic signal. There was a dispute between the parties regarding which driver had the green light and the right-of-way.
Everett Wilson and the passengers in his vehicle filed an action against Timothy Banks on April 17, 1989 (hereinafter the “first suit”), to recover for injuries and damage suffered in the collision.
On August 30, 1989, Wanda Banks filed a separate suit, against Everett Wilson. This appeal arises out of that second suit (hereinafter the “second suit”).
There is in the record evidence that, on September 6, 1989, when Wilson received the complaint in the second suit, he thought the documents were copies of documents from his attorney concerning the first suit; therefore, he failed to take any action regarding the second suit, and on October 19, 1989, the court entered a default judgment against him.
The evidence indicates that Wilson’s attorney was unaware of the second suit until the default judgment, in the amount of $10,000 plus costs of court, had already been entered against Wilson. On January 31, 1990, Wilson filed a timely Rule 60(b), Ala.R.Civ.P., motion for relief from the default judgment.[1]
Before the court scheduled a hearing on Wilson’s Rule 60(b) motion for relief, State Farm Insurance Company, Timothy Banks’s underinsured motorist carrier, on July 29, 1991, filed a motion for leave to intervene in the proceedings. On September 23, 1991, the court held a hearing on State Farm’s motion to intervene and denied it; however, the docket entry errone *1027 ously reflected a denial of Wilson’s Rule 60(b) motion instead of a denial of State Farm’s motion to intervene. Even though the docket entry showed that the motion had been denied, it is undisputed that the trial court set a date for a hearing on Wilson’s Rule 60(b) motion for relief from judgment; that date was October 15, 1991. When attorneys for the parties appeared at the hearing, they were informed that the record showed that the motion had already been denied and that no ruling had been made on the motion for leave to intervene. The reason for the confusion seems to have been the fact that the trial judge conducting the hearing that day was not the trial judge who had been assigned to the case and who had ruled on the motion to intervene and had either made or caused to be made the erroneous docket entry. Another hearing on Wilson’s Rule 60(b) motion was set for December 9, 1991.
At the December 9, 1991, hearing, the original trial judge was again not present and no action was taken on Wilson’s Rule 60(b) motion, but the trial judge did enter an order denying State Farm’s motion to intervene.
On February 13, 1992, pursuant to Rule 60(a), Ala.R.Civ.P., Wilson filed a motion for relief from the September 23, 1991, entry denying his Rule 60(b) motion. The trial court, on March 23, 1992, overruled the Rule 60(a) motion, the court stating that it had no jurisdiction to rule on the motion, apparently on the ground that the error was not the type of clerical error contemplated by the provisions of Rule 60(a) and therefore could not be corrected. As a result, no hearing was ever held on Wilson’s motion for relief from judgment.
I.
Wilson filed his notice of appeal from the March 23, 1992 order on May 1, 1992. Wanda Banks, as appellee, argues that the notice of appeal was untimely filed, and she has moved this Court to dismiss the appeal, arguing that any appeal should have been filed within 42 days after entry of the September 23, 1991, order.[2]
We do not agree with Banks that Wilson’s appeal was untimely. It is undisputed that the order entered by the trial court on September 23, 1991, denying Wilson’s Rule 60(b) motion was erroneously entered. A chronology of the facts is helpful in understanding the relevant events in the case and indicates that the September 23, 1991, entry denying Wilson’s Rule 60(b) motion was improperly made:
October 19, 1989 — A default judgment is duly entered by the court against Wilson.
January 31, 1990 — D. Michael Barrett enters an appearance in the action on behalf of Wilson by filing a Rule 60(b) motion for relief from judgment.
July 29, 1991 — A motion for leave to intervene is filed on behalf of State Farm Automobile Insurance Company, related to the underinsured motorist aspects of the case.
September 23, 1991 — After a hearing in which State Farm’s motion to intervene is denied, a docket entry instead shows that Wilson’s Rule 60(b) motion for relief is overruled.
September 2k, 1991 — In the case action summary, there is a minute entry reflecting a “notice of setting” on the motion for relief. This notice was prepared by Banks’s attorney; that fact indicates that the attorney had no knowledge of the docket entry made the previous day appearing to overrule Wilson’s Rule 60(b) motion.
October 15, 1991 — The notice prepared by Banks’s attorney shows that the hearing on Wilson’s Rule 60(b) motion for relief is set for this date. However, the case action summary contains no entries for October 15, 1991. This is due to the confusion that developed when the error in the record was discovered by the parties on this date, coupled with the fact that the trial judge conducting this hearing was not the same one who had been assigned the case and who had erroneously made the entry on Wilson’s Rule 60(b) motion.
*1028 December 9, 1991 — A hearing on Wilson’s Rule 60(b) motion is scheduled for this date. Again, the judge who had previously made the erroneous entry on the motion is not present. An order is entered denying State Farm’s motion to intervene.
February IS, 1992 — Brian C. Isphording enters an appearance in this action on behalf of Wilson by filing a Rule 60(a) motion for relief from the September 23, 1991, order.
March 17, 1992 — Attorney Isphording files a notice of setting of the Rule 60(a) motion for relief from order on behalf of Wilson.
March 23, 1992 — The trial judge enters an order stating that “the court has no jurisdiction” and therefore denying the motion.
Although the record shows that Wilson’s current counsel, Brian C. Isphording, knew that Wilson’s previous attorney of record, D. Michael Barrett, had been aware of the September 23,1991, entry by the trial court as early as October 15, 1991,[3] the record also shows that the parties, and the court, did not treat the September 23, 1991, order as a final order on Wilson’s Rule 60(b) motion. In fact, on September 24, 1991, Banks requested that the motion be set for a hearing, and each subsequent action taken by the parties indicates that the court and the parties treated Wilson’s first Rule 60(b) motion as a pending motion. To treat the September 23, 1991, order as being a final order, in view of all the circumstances in this record, would violate the spirit of Rule 1(c), Ala.R.Civ.P., which requires that each of the Rules be read so as “to secure the just, speedy and inexpensive determination of every action.”
Based on the foregoing, we deny Banks’s motion to dismiss the appeal.
II
Banks further argues that Wilson’s February 13, 1992, Rule 60(a) motion should also be dismissed because, she argues, it should be construed as a second Rule 60(b) motion; she argues also that the error of the trial court was not clerical in nature. Conversely, Wilson argues that the trial court erred in ruling that it did not have jurisdiction to hear the motion. We agree with Wilson.
Rule 60(a), A.R.Civ.P., reads as follows:
“(a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pen-dency of an appeal or thereafter, such mistakes may be so corrected by the trial court....”
(Emphasis added.)
As authority for her contention that the trial court should have treated Wilson’s Rule 60(a) motion as a Rule 60(b) motion, Banks cites the Committee Comment to Rule 60(a):
“Subdivision (a). This subdivision deals solely with the correction of clerical errors. Errors of a more substantial nature are to be corrected under Rules 59(e) or 60(b). Thus, the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.”
(Emphasis added.) (Citations omitted.) Banks argues that the relief requested by Wilson is “of a more substantial nature” and that Wilson’s motion therefore must be construed as a Rule 60(b) motion, which in this case would be a second Rule 60(b) motion. We do not agree.
Rule 60(a) plainly states that errors such as the one committed in this case may be corrected by the trial court “at any time.” *1029 The Court of Civil Appeals has noted, “Rule 60(a) allows a correction of clerical errors, or error arising from oversight, in a judgment or order and [the error corrected] may include errors by the court itself.” Antepenko v. Antepenko, 584 So.2d 836, 838 (Ala.Civ.App.1991) (citing Continental Oil Co. v. Williams, 370 So.2d 953 (Ala. 1979)). As the Court of Civil Appeals has stated:
“[T]he rule governing clerical mistakes in judgments contemplates a type of error associated with mistakes in transcription, alteration, or omission of papers and documents, a mistake mechanical in nature which does not involve the legal decision or judgment. Michael v. Michael, 454 So.2d 1035 (Ala.Civ.App.1984).”
Wilson v. Leek’s 66 Service Station, 513 So.2d 620, 621 (Ala.Civ.App.1987).
The object of a motion under Rule 60(a) is to make the judgment or record speak the truth. Ward v. Ullery, 442 So.2d 99 (Ala.Civ.App.1983). In this case, because of a clerical mistake by the trial judge, the record was caused to indicate that Wilson’s Rule 60(b) motion for relief from judgment had been denied. On September 23, 1991, a hearing was held on State Farm’s motion to intervene. At that hearing, State Farm’s motion was denied, but the judge erroneously indicated a ruling on Wilson’s Rule 60(b) motion for relief. The parties did not become aware of the error until they appeared at the October 15, 1991, hearing on the motion for relief. Following that hearing, another hearing was scheduled in an attempt to have the record corrected to reflect the true ruling, but because the trial judge who made the error was not available at these hearings, no true ruling on the Rule 60(b) motion could be made. This error in transcription precluded Wilson from ever being heard on his Rule 60(b) motion for relief.
Because he had never been given a chance to be heard in regard to his Rule 60(b) motion, Wilson then filed his Rule 60(a) motion to specifically place the matter before the court. A granting of Wilson’s Rule 60(a) motion would have been proper in order to remedy the failure of the record to reflect the actual judicial action, the denial of State Farm’s motion to intervene, that was taken on September 23, 1991. Ex parte Childress, 522 So.2d 302 (Ala.Civ. App.1988).
Wilson’s argument that the ruling on his Rule 60(b) motion for relief from judgment was entered in error is supported by inconsistencies within the record itself. The Rule 60(b) motion for relief is shown to have been overruled on September 23, 1991. However, in the case action summary, there is a minute entry of September 24, 1991, reflecting a “notice of setting” on the motion for relief. Such an entry would not have been necessary had the motion actually been overruled the previous day. Moreover, the attorney for Banks prepared the actual notice of setting. It would have been illogical for him to prepare such a notice if the court had already ruled on the motion in his client’s favor.
Finally, the notice prepared by Banks’s attorney shows that the hearing on Wilson’s Rule 60(b) motion for relief was set for October 15, 1991. However, the case action summary contains no entries for October 15, 1991. This fact is due to the confusion that developed when the error in the record was discovered by the parties on that date.
Based on the foregoing, we conclude that the trial court erred in holding that it did not have jurisdiction to rule on Wilson’s Rule 60(a) motion and abused its discretion in refusing to rule on the motion. We order that the trial court correct the record to reflect the actual judicial action taken in the case and hold a hearing on Wilson’s Rule 60(b) motion for relief from the October 19, 1989, default judgment entered against him. In remanding the case to the trial court, however, we should not be understood as expressing any opinion on the merits of Wilson’s Rule 60(b) motion.
MOTION TO DISMISS DENIED; REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. As is apparent, the motion to set aside the default judgment was not filed within 30 days after its entry as provided for by Rule 55(c), Ala.R.Civ.P., but the commentary to that Rule states:
"Rule 55(c) differs from the federal rule. It has no express reference to Rule 60, Relief From Judgment or Order, as does the federal counterpart. This was eliminated in order to insure the court’s power to set aside a default judgment in 30 days in an instance where Rule 60 might not afford justification. No time limit is expressed with respect to an entry of default. Of course, Rule 60 becomes available when more than 30 days has passed since the entry of the judgment by default.”

. The notice of appeal was filed on May 1, 1992, and was from the order of the trial court entered on March 23, 1992, denying Wilson’s Rule 60(a) motion on the ground that the trial court lacked jurisdiction to consider it.

. Paragraph 7 of Wilson’s second Rule 60 motion states the following:
"7. On October 15, 1991, counsel for all parties appeared at the hearing on Defendant’s [Wilson’s] Motion for Relief from Judgment. At that time they were informed that Defendant's Motion had been denied on September 23, 1991, and that no ruling had yet been entered on State Farm’s Motion for Leave to Intervene.”