ZINTER, Justice
(concurring).
[¶ 16.] There are three critical facts that distinguish this case from those involving oversights, omissions, and clerical mistakes. First, under the Foreign Service Act, Sally possessed a statutory entitlement[5] to a future percentage share of the ultimate Foreign Service benefits regardless of the present “cash value”[6] Judge Grosshans placed upon them for purposes of making a property division. Moreover, prior to making that property division, Judge Grosshans was informed of the Act, which specifically required a court order or spousal agreement to divest Sally of her future proportionate share of the Foreign Service retirement benefits. He was also informed in Sally Nist’s pretrial briefs that she had rights “under federal law, including the survivor’s benefit and a certain percentage.” Therefore, Judge Grosshans’ use of the present cash value and his failure to provide a divestiture clause when he divided the then existing value of the marital estate created uncertainty concerning Sally’s future statutory entitlement under the Foreign Service Act.
[¶ 17.] Second, it is also significant that, within the time to appeal from the judgment, the parties apparently realized the legal effect of the judgment because they began negotiations over a spousal waiver. Yet, for reasons not disclosed in the record, the parties failed to resolve that legal dispute at that time by seeking a clarification from Judge Grosshans. Instead, Theodore waited nine additional years to resurrect the argument in the Rule 60(a) motion that is now before this Court.
[¶ 18.] Finally, this case is unlike those relied upon by the dissent where the judge who rendered the original judgment was asked to correct his or her own judicial oversight. See e.g. Antepenko v. Antepenko, 584 So.2d 836, 838 (Ala.Civ.App.1991) (noting that “[w]hen the correction of such errors through Rule 60(a) is based upon the recollection of the court, it is not subject to contest”). Furthermore, those *93 cases involved relatively easy determinations of oversight. See e.g., Semtner v. Group Health Serv. of Okla., Inc., 129 F.3d 1390, 1392 (10thCir.l997) (involving a “readily ascertainable and undisputed” omission); In re Walter, 282 F.3d 434, 442 (6thCir.2002) (noting that the “bankruptcy court state[d] in clear and unequivocal language that it intended to remove Pruzin-sky entirely from the force of the order, and that the order, as modified, did not reflect that intent”). In contrast, in our case, Judge Trimble was asked to divine what retired Judge Grosshans had intended nine years earlier and was asked to do so without the benefit of his testimony.
[¶ 19.] For all these reasons, it is now impossible to unequivocally categorize Judge Grosshans’ failure to divest Sally of her federal entitlement as a mere oversight, omission, or clerical mistake.

. See supra n. 3 (quoting 22 USC § 4071j(a)-(b)).

. The divorce court's reference to each party’s retirement plan’s cash value was a reference to the present value (at the time of the divorce) of a future stream of estimated retirement benefits, based upon a number of assumptions (including mortality).