Ex parte Romulus PETRINA.

(In re Romulus Petrina

v.

Kimberly Petrina).

2150044.

Court of Civil Appeals of Alabama.

Jan. 15, 2016.

Certiorari Denied March 11, 2016
Alabama Supreme Court 1150435.

William K. Bradford of Bradford Ladner, LLP, Mountain Brook, for petitioner.

Thomas A. Radney and David G. Thomas of Radney, Radney & Jackson, L.L.C., Alexander City, for respondent.

*On Application for Rehearing*

THOMAS, Judge.

The opinion of December 4, 2015, is withdrawn, and the following is substituted therefor.

Romulus Petrina ("the husband") petitions this court for a writ of mandamus directing the Lee Circuit Court ("the trial court") to vacate its September 4, 2015, order granting a motion filed by Kimberly Petrina ("the wife") to correct a clerical error in its judgment divorcing the parties. We deny the petition.

The following facts are undisputed. The parties were married on March 21, 2009; they were divorced by a judgment of the trial court entered on March 19, 2015 ("the divorce judgment"). During the marriage, the parties purchased a house and property located on Heath Road in Auburn ("the Heath Road property") that served as the marital residence. In the divorce judgment, the trial court divided certain items of marital property between the parties, but the divorce judgment did not specifically reference the Heath Road property.[1]

---

1. The parties had executed a prenuptial agreement that, among other things, stipu-

However, the trial court included the following language in the divorce judgment:

"Having carefully considered all of the evidence at trial and the matters set forth herein, and taking account of all remaining assets and debts of the parties, the court orders that the [wife] pay to the [husband], as his equitable share in the marital estate, the sum of $100,000.00, to be paid within 30 days."

On April 20, 2015, the husband executed a quitclaim deed conveying his interest in the Heath Road property to the wife; the deed stated that the husband conveyed the property to the wife "pursuant to the final judgment and decree of divorce in [the trial court]." The husband concedes that he executed the deed upon the advice of the attorney he had retained at that time.

On August 25, 2015, the husband, who by then had retained a different attorney, filed a complaint in the trial court asserting that the divorce judgment had not addressed the Heath Road property and seeking a judgment declaring the parties' rights and interests in the Heath Road property and a recission of the deed he had executed. On September 2, 2015, the wife, in the divorce action, filed a motion pursuant to Rule 60(a), Ala. R. Civ. P., seeking a correction to the divorce judgment, specifically asking that the trial court clarify that the language quoted above had awarded her ownership of the Heath Road property. The husband filed a response in opposition to the wife's Rule 60(a) motion on September 2, 2015. The trial court entered an order on September 4, 2015, stating that the court "believes that its wording in [the divorce judgment] sufficiently states that the remaining assets and debts of the parties are awarded to [the wife]," to "include the [Heath Road

property]" but, nevertheless, amending the divorce judgment to specifically award the Heath Road property to the wife.

"'A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. *Ex parte Fidelity Bank*, 893 So.2d 1116, 1119 (Ala.2004). A writ of mandamus is "appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." *Ex parte BOC Group, Inc.*, 823 So.2d 1270, 1272 (Ala.2001).'

"*Ex parte Antonucci*, 917 So.2d 825, 830 (Ala.2005)."

*Ex parte Rawls*, 953 So.2d 374, 377 (Ala. 2006).

The husband argues in his petition for a writ of mandamus that, because more than 30 days had passed since the entry of the divorce judgment, the trial court's September 4, 2015, order amounted to an improper modification of the divorce judgment and not a correction under Rule 60(a), Ala. R. Civ. P. Rule 60(a) provides, in part:

"Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court...."

In *Deramus Hearing Aid Center, Inc. v. American Hearing Aid Associates, Inc.*,

lated that each party would retain the separate property he or she had acquired before

the marriage.

950 So.2d 292, 293–94 (Ala.2006), our supreme court explained:

"Rule 60(a), Ala. R. Civ. P., provides that a trial court may correct a clerical mistake in a judgment at any time on its own initiative. The Committee Comments on 1973 Adoption of Rule 60(a), Ala. R. Civ. P., citing *West Virginia Oil & Gas Co. v. George E. Breece Lumber Co.,* 213 F.2d 702 (5th Cir. 1954), state that a 'Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.' *Black's Law Dictionary* 582 (8th ed.2004), defines 'clerical error' as '[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, *and not from judicial reasoning or determination.*' (Emphasis added.)"

Applying this reasoning in *Deramus,* our supreme court determined that Rule 60(a) allowed a trial court to correct a judgment in which it had inadvertently entered a summary judgment in favor of the wrong party. *Id.* at 294–95. In reaching its decision, our supreme court noted that it was clear from the trial court's amended order that the trial court had intended to grant a summary judgment to the other party and that the trial court had not reweighed the evidence or rendered a different judgment. *Id.*

This court has also previously stated that Rule 60(a) "is not limited to transcription errors by the clerk and can include errors or omissions committed by the judge to which corrections may be made at any time." *See Merchant v. Merchant,* 599 So.2d 1198, 1201 (Ala.Civ.App.1992) (citing *Continental Oil Co. v. Williams,* 370 So.2d 953 (Ala.1979)). In *Merchant,* this court held that a trial court had acted within its discretion when it granted a

Rule 60(a) motion and corrected the omission of an attorney-fee award from a divorce judgment entered approximately two and one-half years earlier. 599 So.2d at 1201. In so holding, we noted that

"[t]he determination whether to grant such a motion lies within the broad discretion of the trial court and cannot be reversed by this court absent a clear abuse of discretion. *Antepenko v. Antepenko,* 584 So.2d 836 (Ala.Civ.App. 1991). It appears that the trial court granted the motion in the instant case on the basis of its own recollection, and that recollection is indisputable. *Antepenko, supra; Ex parte Childress,* 522 So.2d 302 (Ala.Civ.App.1988)."

*Id.*

■ In the case before us, the materials submitted for our review indicate that the parties were aware of the trial court's intention to award the wife the Heath Road property. The wife maintains in her answer to the petition for a writ of mandamus that she filed her motion to correct the divorce judgment pursuant to Rule 60(a) in response to the husband's assertion in his August 25, 2015, complaint that the trial court had failed to address the Heath Road property in the divorce judgment. A transcript of the trial is not before us; however, we note that, as stated above, the husband executed, with the aid of his attorney, a quitclaim deed to the wife on April 20, 2015.

The husband argues in his petition that the trial court's September 4, 2015, order substantially enlarged and modified the share of the marital estate that was awarded to the wife in the divorce judgment. However, the trial court's order indicates that it was simply correcting what it believed it had made clear in the divorce judgment—that the assets and debts of the parties that were not specifically refer-

enced in the divorce judgment were awarded to the wife, including the Heath Road property. It is clear that the trial court was not attempting to reweigh the evidence or render a different judgment. "A judgment is a 'different' judgment if it purports to change the facts or to reweigh the evidence." *Deramus Hearing,* 950 So.2d at 295 (citing *Reaves v. Reaves,* 883 So.2d 693 (Ala.Civ.App.2003)).

Based upon the foregoing, we conclude that, "[b]ecause the trial court's corrections did not involve judicial reasoning or the rendering of a 'different' judgment," *Ex parte Brown,* 963 So.2d 604, 609 (Ala. 2007), the trial court did not exceed its discretion when, pursuant to Rule 60(a), it corrected the divorce judgment in order to state that the wife had been awarded the Heath Road property. "The trial court is empowered to correct the omission of the original divorce decree to make it speak the truth of its intentions by means of this judgment." *Merchant,* 599 So.2d at 1201–02 (citing *Ward v. Ullery,* 442 So.2d 99 (Ala.Civ.App.1983)). Because the husband has failed to demonstrate a clear legal right to the relief he has requested, his petition for a writ of mandamus is denied.

APPLICATION GRANTED; OPINION OF DECEMBER 4, 2015, WITHDRAWN; OPINION SUBSTITUTED; PETITION DENIED.

THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

J.D.S.